## McKIMMEY v. MOWATT.

No. 5232.   Opinion Filed September 28, 1915.

(151 Pac. 1175.)

1.  **FORCIBLE ENTRY AND DETAINER—Right of Appeal—Justices of the Peace.** While it may be admitted that under article 12, c. 61, Rev. Laws 1910, entitled "Forcible Entry and Detainer," there is no direct provision for appeals from a justice of the peace in such cases, it is apparent that general sections 5465 and 5475 of article 9 of said chapter, entitled "Appeal," make ample provision for appeals in such cases.

2.  **SAME—Possession of Realty—What Constitutes.** It is not necessary, in order to establish and maintain possession of real estate, that the claimant should actually reside upon it or have it inclosed with a fence. It is sufficient if the party is doing such acts thereon that indicate in an open, public, and visible manner that he has exclusive control over the land, under a claim of right to such exclusive possession.

3.  **SAME—Right of Action.** Where a party forcibly enters upon a quarter section of land, by pulling up the posts, and tearing down the fence, and at the time of so entering upon said premises knows that it is in the open, notorious, and visible possession of another person, who is holding it under lease from the owner, and also knows that the lease of the other party is prior to that under which he is claiming, said first party cannot maintain an action aginst the second party for the forcible entry and detention of said land.

(Syllabus by Mathews, C.)

*Error from County Court, Kay County;*
*Claude Duval, Judge.*

Action by Oscar McKimmey against John S. Mowatt. Judgment for defendant, and plaintiff brings error. Affirmed.

*G. A. Chappell* and *H. S. Hines,* for plaintiff in error.

*Sam K. Sullivan,* for defendant in error.

Opinion by MATHEWS, C.   This case comes from the county court of Kay county.   The plaintiff in error

was plaintiff below, and the defendant in error was defendant. For convenience, the parties will be designated "plaintiff" and "defendant" herein, as they appeared in the trial court.

The record shows that Albert Taylor is, and was at the times mentioned in this cause, the owner of a quarter section of land in Kay county. On the 20th day of September, 1911, said Taylor, for a valuable consideration, executed a written lease to Oscar McKimmey, the plaintiff, which lease was for one year, commencing on the 1st day of March, 1912. The defendant was holding said premises under a lease dated September 1, 1911, to commence on the 1st day of March, 1912. On the 1st day of March, 1912, McKimmey took forcible possession of the premises by erect'ng a tent thereon. In his testimony McKimmey admits that at the time he went to the place to take possession, on the morning of the 1st day of March, 1912, he found the gates fastened, and notice of possession posted thereon, and that he broke the fence down to get into possession of the land. The record also shows that John S. Mowatt, the defendant, was in possession of the premises at the time the plaintiff broke down the fence and forcibly took possess:on. A few days thereafter the defendant entered upon the premises and began plowing. He was ordered off by the plaintiff, who claimed to be in possession, but he refused to leave the premises, and continued plowing thereon. Thereupon the plaintiff served the statutory notice upon said defendant to quit said premises. The defendant continued in possession after notice was served, and on the 27th day of March plaintiff filed a complaint in a forcible entry and detention suit, before a justice of the peace in Kay county. On the 10th day of April the case was tried to a jury, and resulted in a ver-

dict in favor of the plaintiff, finding the defendant guilty, and the case was appealed to the county court of Kay county, and numbered in that court 2972. While that case was pending, and on or about the 1st day of April, the defendant, in the absence of plaintiff, tore down the plaintiff's tent and removed it, and its contents, from the premises. When the plaintiff returned and found what had been done, he placed his effects back on the premises, and on the 27th day of April, after the second notice to quit had been served, he commenced the second case against the defendant for forcible entry and detention. The second case was tried in the justice court on the 13th day of May, and resulted in a verdict in favor of the plaintiff, in which the defendant was found guilty. This case was in due time appealed to the county court, and was there given No. 2979. On the 3d day of June the plaintiff in error filed motions to dismiss the appeal, in each case, upon the grounds that said court had no jurisdiction to entertain appeals in forcible entry and detention cases. On the 3d day of June the court overruled the motion to d'smiss the appeals, to which ruling of the court the plaintiff excepted.

The two cases as appealed to the county court, Nos. 2972 and 2979, were consolidated, and tried on the 24th day of August to a jury, which resulted in a verdict in favor of the plaintiff. On the 27th day of August, the defendant filed a motion for new trial, and on the 9th day of September the court sustained the motion, and granted a new trial in the consolidated cases, to which ruling of the court in granting a new trial the plaintiff excepted. On the 26th day of November, the consolidated cases were again tried to a jury in the county court, which resulted in a verdict in favor of the defendant, finding him not guilty, and on the 27th day of November the county court rendered judgment

on the verdict. On the same day the plaintiff filed a motion for new trial, which motion was on the 3d day of February, 1913, overruled, to which ruling of the court plaintiff in error excepted. Thereupon plaintiff brings error.

The first contention of plaintiff is that the county court erred in overruling his motion to dismiss the appeals, for the reason that there is no provision in the Oklahoma statutes for appeals from the judgment of a justice of the peace in forcible entry and detention cases. In support of his contention, counsel calls attention to sections 5515 and 5517 of the Rev. Laws 1910, which provide for certain proceedings in case proceedings in error have been commenced. He contends also, correctly, that section 6396, Comp. Laws 1909, providing for appeal bonds, in "double the value of the use and occupation of the property," did not become the law, for the reason that it was omitted from the enrolled bill, and insists that there is no other provision in the statute providing for appeals from justices of the peace in cases of this kind. It is certain there is no such provision under the chapter on Forcible Entry and Detainer, but under article 9, on Appeals, we find that sections 5465 and 5475 make ample provisions for such appeals. Those sections are as follows:

"Sec. 5465. In all cases not otherwise specifically provided for by law, either party may appeal from the final judgment of the justice of the peace to the district, superior or county court of the county, and the party appealing shall advise the justice of the court to which the appeal is to be transferred, and the justice shall thereupon enter upon his docket an order specifying the court having jurisdiction of such appeal. The appeal bond hereinafter provided for shall also designate the court to which the appeal is taken."

"Sec. 5475. In appeals taken by the defendant in actions for the forcible entry and detention, or forcible and unlawful detention of real property, the undertaking on appeal shall be conditioned that the appellant will not commit or suffer waste to be committed on the premises in controversy; and if, upon the further trial of the cause, judgment be rendered against him, he will pay double the value of the use and occupation of the property from the date of the undertaking until the delivery of the property, pursuant to the judgment, and all damages and costs that may be awarded against him."

The second contention of counsel is that the court erred in giving instructions 9 and 11, which are as follows:

"(9) If you believe from the evidence that, at the time the plaintiff McKimmey entered upon these premises and established his tent thereon, the defendant Mowatt was at that time in possession of the premises, that is, that Mowatt was doing such acts as would show an intention to assert a claim of possession such as pasturing cattle thereon and had the gates fastened, if the said Mowatt was in such possession up to March 19, 1912, then your verdict must be for the defendant."

"(11) The court instructs the jury that it is not necessary, in order to establish possession of real estate, that the claimant should actually reside upon it or have it inclosed with a fence. It is enough if the party is doing such acts thereon that indicate in an open, public, and visible manner that he has exclusive control over the land under a claim of right, to such exclusive possession. And in this connection the court instructs you that if you find from the evidence that the defendant's cattle was on the land in question, and that the defendant was exercising control over the land, at the time the plaintiff claims to have taken possession, you should find the issues in favor of the defendant, and find the defendant not guilty."

It will be remembered that the plaintiff was holding the subsequent lease, and that when he went to the prem-

ises, on the morning of March 1, 1912, to take possession, he found the premises inclosed, and the gates securely fastened, and notice posted thereon stating:

"No trespassing on these premises, by order of the lessee.                    [Signed]    JOHN S. MOWATT."

Notwithstanding the condition of the premises, and in the face of this notice, he proceeded to pull up the posts, tear down' the fence, and forcibly enter upon said premises. This is the way, and manner, in which he was pretending to hold possession at the time he commenced his first action against the defendant for forcible entry and detention. It is admitted that, while this first case was pending, the owner of the land and the defendant moved the plaintiff's tent from the premises, and that the plaintiff replaced it on the land, before commencing his second case, but to our mind that does not better his condition. He was wrongfully in possession of the premises, from the time he first broke down the inclosure and entered thereon. The fact that the owner and first lessee may have wrongfully moved his effects from the premises does not strengthen his second position nor give him a better right of possession.

The case of *Chisholm v. Weise,* 5 Okla. 217, 47 Pac. 1086, cited by counsel for plaintiff, does not, in our mind, sustain his contention. In that case the court says:

"Under the statutes of this territory in force when this action was commenced, the action of forcible entry and detainer might be maintained against any person who commits a forcible entry and ouster, even though the latter is the owner of the property and entitled to immediate possession, if the plaintiff had at the time of the forcible ouster the actual peaceable possession thereof."

If that language should be applied in this case, it would declare that, whatever right to possession the plaintiff might have had, the manner of his entering upon the premises would give the defendant the right in law to dispossess him, simply because his entry was wrongful, and in fact amounted to a breach of the peace. If that is true, can it be reasonably maintained that the plaintiff under the same circumstances could dispossess the defendant? Evidently not. In the same case will be found the following language, which we think is peculiarly applicable here:

"And an action for the forcible detention of real property may be maintained by one whose complete possession thereof has been ended by the wrongful entry of another even though such entry was made under claim of a paramount title. The general purpose of the statute does not regard the actual condition of the title of the property, but, where any person is in the peaceable and quiet possession of it, he shall not be turned out by force, by violence, or by terror. The party so using force and acquiring possession may have a superior title or may have the better right to the present possession; but the policy of the law is to prevent disturbances of the public peace and to forbid any person righting himself by his own hands and by violence, and requiring that the party who has obtained possession in this manner shall restore it to the party from whom it has been so obtained. The party out of possession must resort to legal means to obtain possession if he be entitled thereto. A party out of possession, though he may be entitled to the possession, must resort to the law alone to obtain what he claims."

The case of *Oklahoma City v. Hill*, 4 Okla. 521, 46 568, does not sustain the contentions of plaintiff. In that case the plaintiffs (below), while in peaceable possession of the premises, were forcibly evicted by the city officers, and in an action to recover possession the court rightfully

held that, if they were wrongfully and forcibly ousted from possession, an action would lie to repossess them of the premises, without regard to their original legal right to possession of the property. The plaintiffs were out of possession—wrongfully evicted by the sheriff. In the instant case, the plaintiff does not claim to be out of possession, seeking to repossess the property, but, on the other hand, claims to be in possession, which he admits was obtained by force, and, in that condition, seeks to dispossess the defendant, who was in peaceable possession at the time the plaintiff broke down the inclosure and took forcible and wrongful possession of the premises. Under these circumstances, we cannot say that the court committed prejudicial error in giving the foregoing instructions of which the plaintiff complains.

The same argument clearly applies to the refused instructions of which counsel complain. They were properly rejected. Nor did the court err in overruling the motion for new trial. The case was fairly tried, and the law applicable to the facts properly given by the court. The case should be affirmed.

By the Court: It is so ordered.