Note.—See under (1) 8 C. J. p. 724, §1007 (Anno) ; 3 R. C. L. p. 944; 1 R. C. L. Supp. p. 928. (2) 4 C. J. p. 853, §2834; 2 R. C. L. p. 193; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79: 6 R. C. L. Supp. p. 73. (3) 38 Cyc. pp. 1598, 1778. 1779: 14 R. C. L. p. 771; 4 R. C. L. Supp. p. 918; 5 R. C. L. Supp. p. 776; 6 R. C. L. Supp. 830. (4) 35 Cyc. pp. 392, 408; anno. 33 L. R. A. (N. S.) 512; 16 A. L. R. 865; 23 R. C. L. 1402; 4 R. C. L. Supp. p. 1523; 6 R. C. L. Supp. 1394.

---

## BLUMENFELD v. BESS.

No. 17692. Opinion Filed Oct. 11, 1927.

Rehearing Denied Nov. 15, 1927.

(Syllabus.)

Appeal and Error—Sufficiency of Appeal Bond—Right to Correct Error in Name of Obligor—Erroneous Dismissal of Appeal from Justice Court.

Where the defendant, in an action, appeals from a justice court to the district court, and gives an appeal bond sufficient and regular in all respects, except, through mistake or inadvertence of the draftsman of the bond, the wrong Christian name of the defendant is inserted as obligor in such bond, the bond reciting that the defendant appeals, and the judgment appealed from discloses the real Christian name of the defendant, and, in response to a motion to dismiss the appeal, the defendant requests permission to file a new bond by way of amendment to correct the Christian name of the defendant; held, error to deny such request and dismiss the appeal.

Commissioners' Opinion, Division No. 2.

Error from District Court, Creek County; O. H. Searcy, Assigned Judge.

Action by George Bess agaist Mayer Blumenfeld. From judgment against defendant dismissing his appeal from justice court, defendant appeals. Reversed and remanded.

Thompson & Smith, for plaintiff in error.

Glenn O. Young, for defendant in error.

HERR, C. The plaintiff in error will be referred to as defendant, and the defendant in error as plaintiff, as the parties appeared in the trial court.

This case originated in the justice court before a justice of the peace of the city of Sapulpa, wherein the plaintiff recovered judgment against the defendant in the sum of $175 damages because of alleged injury to his automobile growing out of an automobile collision. Defendant appealed to the district court, which court, on motion of plaintiff, dismissed his appeal. To reverse this judgment, defendant appeals to this court.

The controversy between the parties hereto arises out of a mistake as to the Chris-

tian name of the defendant. It appears from the bill of particulars filed by plaintiff in the justice court, that he styled his cause of action against "Maurice Blumenfeld," instead of "Mayer Blumenfeld." Process was issued out of the justice court directed against Maurice Blumenfeld, but was, in fact, served upon Mayer Blumenfeld. Mayer Blumenfeld appeared at the trial, acknowledged that he was the party intended to be sued, and the justice of the peace permitted the bill of particulars to be amended by substituting "Mayer" instead of "Maurice" Blumenfeld as defendant, and, after full hearing, rendered judgment against Mayer Blumenfeld in the sum above set forth. The defendant, Mayer Blumenfeld, appealed to the district court and filed with the justice of the peace an appeal bond, being in regular form, except the name of the defendant in said bond was written as "Maurice" instead of "Mayer."

The plaintiff filed, in said court, a motion to dismiss the appeal because of this alleged defect in the appeal bond. In response to such motion, the defendant prepared a new appeal bond, regular in form, with good and sufficient sureties, and requested permission of the court to file such new bond by way of amendment to cure the alleged defect. The court denied this request and sustained the motion of the plaintiff to dismiss the appeal. In this, we think the court erred. Section 1017, C. O. S. 1921, provides:

"In proceedings on appeal, when the surety in the undertaking shall be insufficient, or such undertaking may be insufficient in form or amount, it shall be lawful for the court, on motion, to order a change or renewal of such undertaking and direct that the same be certified to the justice from whose judgment the appeal was taken, or that it be filed in said court."

In the case of Federal Discount Co. v. Clowdus, 50 Okla. 154, 150 Pac. 1104, it is held by this court:

"Where an appeal bond is attacked because of defects therein, the court should look first to the bond itself, and, if the intention of the parties and the purpose of the bond is manifest from the instrument itself, the court should allow an amendment, by rejecting insensible words, and supplying accidental omissions, so as to give effect to the manifest intention of the instrument, and should dismiss the appeal only when such defects render the bond so vague that its intention and purpose cannot be gathered from the instrument itself.

"Where the plaintiff in an action appeals from the justice court to the county court, and gives a bond which recites that the undersigned, as principal and sureties, bind themselves 'to the plaintiff', instead of the defendant, held, that such mistake, on motion, should be amended by order of the county court."

It is clear from the language of the bond that the defendant was the party intending to appeal, and the record clearly discloses that Mayer Blumenfeld was the defendant and the party intending to appeal. The error as to the Christian name of the defendant was no doubt occasioned by the fact that the plaintiff, himself, wrongfully styled his cause of action in his bill of particulars in the justice court, and the plaintiff should not now be permitted to gain an advantage because of his own mistake. The bond was not void. The court should have granted the defendant permission to file the proffered new appeal bond by way of amendment to cure the defect complained of, and should have overruled plaintiff's motion to dismiss the appeal.

Judgment should be reversed, and the cause remanded, with directions to the trial court to grant defendant's request to file a new appeal bond and overrule the motion to dismiss the appeal and reinstate the case.

BENNETT, HALL, DIFFENDAFFER, and JEFFREY, Commissioners, concur.

Note.—See 3 C. J. pp. 1186, 1188. §1258; 35 C. J. p. 769, §460; 2 R. C. L. p. 116; 1 R. C. L. Supp. p. 402.