## HULS et al. v. WINSTON et al.

No. 18841. Opinion Filed Jan. 29, 1929.

Sid White, for plaintiffs in error.

Roy White, for defendants in error.

REID, C. In this case the defendants in error, as plaintiffs, prevailed in an action brought against the plaintiffs in error, as defendants, in the justice court for the town of Hanna, McIntosh county, Okla., for forcible entry and detention of certain real estate.

The case was attempted to be appealed by the defendants in that action, and the transcript was filed in the district court of McIntosh county on the 19th day of April, 1927. On April 21, 1927, the plaintiffs Winston and Roland, by their attorneys, filed a motion to dismiss the appeal on the ground, among other things, as stated in the motion, "that said appeal bond failed to designate to what court the appeal is taken."

No response was filed to this motion nor any request by the defendants to amend the bond by substitution or in any other manner.

On the 9th day of May, 1927, the motion was presented to and heard by the district court, and the order was then made sustaining the motion and dismissing the appeal. From this judgment the defendants have appealed to this court.

Chapter 4, art. 12, C. O. S. 1921, conferring upon justice courts the power to try actions for the forcible entry and detention of real property, provides no method of appeal from judgments of the justice courts rendered in the exercise of the jurisdiction there conferred. We are therefore compelled to turn to chapter 4, article 9, providing the general method of appeal from justice courts. Such was the holding of this court in the case of McKimmey v. Mowatt, 51 Okla. 411, 151 Pac. 1175, construing article 9, chapter 61, Revised Laws 1910, entitled "Appeal," which construes the same relevant sections in what is now chapter 4, article 9, C. O. S. 1921.

Section 1009 of the latter chapter provides, among other things: "The appeal bond hereinafter provided for shall also designate the court to which the appeal is taken." And section 1019 in said article 9 provides how the bond shall be conditioned in actions for the forcible entry and detention of real property, the kind of action we have in this case. But this section must be read with section 1009, supra, applying generally to all bonds on appeal from justice courts.

In the case of Washburn v. Delaney, 30 Okla. 789, 120 Pac. 620, it is held that the right of appeal from a justice court being purely statutory, the procedure must be strictly followed according to the provisions of the statute which gives the right. The opinion in that case holds that one of the essentials of an appeal bond from a justice court is that it state the court to which the appeal is taken, and this construction and holding is reasonable when it is observed that this is required by the plain terms of the statute.

It cannot be claimed that an adherence to the holding in the foregoing case continues an arbitrary rule of practice, as this court, in the case of Federal Discount Co. v. Clowdus, 50 Okla. 154, 150 Pac. 1107, and in the recent case of Blumenfeld v. Boss, 128 Okla. 41, 260 Pac. 1059, announced the wholesome doctrine that trial courts should be liberal in permitting amendments to appeal bonds by correction or substitution of new bonds upon request therefor by parties; and the procedure approved in those cases is

plainly authorized by section 1017, C. O. S. 1921.

In this case no request was made by defendants that they be permitted to amend or substitute a new bond, and in the absence of such request the court did not err in dismissing the appeal.

It therefore follows that the judgment of the trial court should be affirmed.

TEEHEE, LEACH, FOSTER, and HERR, Commissioners, concur.

By the Court: It is so ordered.

Note.—"Justices of the Peace," 35 C. J. §453, p. 764, n. 53; p. 765, n. 67.