## McMANN v. McMANN et al.

No. 17417—Opinion Filed Dec. 14, 1926.

### Limitation of Actions—Title by Prescription —Adverse Possession for 15 Years Under Void Divorce Decree.

Where an occupant of land under a judgment and decree in a divorce action holds the adverse possession of the same continuously for more than 15 years, under a bona fide claim of ownership, it will constitute a bar to an action for the recovery thereof by anyone not under disability and give a complete title to the occupant by prescription, although the judgment and decree is absolutely void.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Alfalfa County; James B. Cullison, Judge.

Action by Walter G. McMann against Minnie Ward, Wm. A. McMann, and Bertie Smith, to quiet title to real estate. Wm. J. McMann intervened in the action and was made party defendant. There was judgment rendered in favor of Walter G. McMann and Minnie Ward and against the intervener. From this judgment, intervener appeals. Affirmed.

Titus & Hill, for plaintiff in error.

Chas. L. Moore, for defendants in error.

Opinion by FOSTER, C. This proceeding in error is prosecuted by W. J. McMann to reverse a judgment of the district court of Alfalfa county excluding him from the ownership of any right or interest in 80 acres of land located in that county. The original action was commenced by Walter G. McMann, as plaintiff, against Minnie Ward, formerly Minnie McMann, Wm. A. McMann, and Bertie Smith, formerly McMann, for the purpose of quieting the title to said land in the plaintiff, Walter G. McMann, and the defendant Minnie Ward, against the claims of their father, Wm. A. McMann, who was then supposed to be living, and their mother, Bertie Smith.

Thereafter the plaintiff in error, Wm. J. McMann, intervened in the action and asserted title to the one-third undivided interest in the real estate involved, alleging that his father, Wm. A. McMann, was dead, and prayed judgment establishing Walter G. McMann, Minnie Ward, and himself to be each the owner of a one-third undivided interest in the land as against one Fred Pekrul and the heirs, executors, administrators, devisees, trustees and assignees of Wm. A. McMann, deceased, all of whom were made parties defendant.

Prior to the trial Fred Pekrul and Bertie Smith filed disclaimers and issues were finally joined in the action between intervener, W. J. McMann, on the one side, and Walter G. McMann and Minnie Ward on the other side. The cause was submitted to and tried by the trial court upon an agreed statement of facts, resulting in a judgment against the intervener as stated above.

From this judgment intervener excepted, and brings the cause regularly on appeal to

this court by petition in error with case-made attached for review.

There is one question at issue and that is whether the trial court erred, as a matter of law, in rendering judgment in favor of the defendants in error upon the agreed statement of facts. The facts necessary to be considered are that prior to 1902 Wm. A. McMann and Bertie McMann, now Bertie Smith, were husband and wife. As a result of this union two children were born, namely, Walter G. McMann and Minnie Ward, formerly McMann, defendants in error herein.

Wm. A. McMann was the father of the plaintiff in error, Wm. J. McMann, by a former wife. He owned 160 acres of land located in what is now Alfalfa county, which had been acquired by the joint industry of himself and wife, Bertie McMann.

In 1902 the district court of Woods county, in an action brought by Bertie McMann against her husband, Wm. A. McMann, for divorce, entered its judgment and decree granting the plaintiff a divorce by reason of the fault and aggression of Wm. A. McMann, committing the custody and control of their minor children to the plaintiff and vesting the title in fee simple to the south 80 acres owned by Wm. A. McMann in the defendants in error, absolutely, prohibiting its alienation until the youngest child reached the majority and giving Bertie McMann the right to reside upon the land and to control and have the same cultivated for the use of the minor children, and for her own support, so far as the same was necessary.

The husband was permitted to retain the north 80 acres, but was enjoined from exercising any control over the land awarded to the minor children or with their peaceable possession thereof.

Pursuant to this judgment, Bertie McMann, together with the two minor children, the defendants in error herein, resided upon and occupied the land until 1904, when they removed therefrom, but have at all times since their said removal had complete control and charge of said land and have received the rents and profits therefrom and paid all the taxes thereon and were in such possession and control at the time the instant action was commenced, being at all times residents of the state of Oklahoma.

It further appears that Wm. A. McMann died in the year 1905, and that thereafter, and in the year 1908, the plaintiff in error removed from the state of Oklahoma and has continuously since that time been a non-resident of Oklahoma.

The youngest of the two children, Walter G. McMann, reached his majority July 31, 1921, since which time the rents have been paid to the defendants in error, except one-third of the rentals for the year 1924 held by the clerk of the district court of Alfalfa county pending the final disposition of the cause.

It is contended by the plaintiff in error that the aforesaid judgment and decree of the district court of Woods county in the divorce action awarding the land in controversy to the minor children of the parties was wholly void and open to collateral attack, and therefore the plaintiff in error upon the death of his father inherited the 80 acres equally with the defendants in error, unaffected by said divorce decree except so far as it appropriated the rents and profits therefrom for the maintenance and support of the defendants in error until the youngest of them became of age, and that during the minority of the youngest child the said decree was operative to the extent that it prevented the running of the statute of limitations against him.

We agree with the plaintiff in error that the divorce decree vesting the title to any part of the real estate of Wm. A. McMann in the minor children was void and beyond the jurisdictional power of the divorce court to enter such judgment. Emery v. Emery (Kan.) 180 Pac. 451; Rodgers v. Rodgers (Kan.) 43 Pac. 779. We cannot agree, however, that open, continuous adverse possession of the land by defendants in error thereunder until the year 1924, when the plaintiff in error intervened in the action, did not give rise to an absolute title in the defendants in error by prescription.

The qualified right of Bertie McMann, the mother of the defendants in error, to occupy the real estate during the minority of the defendants in error for her own support, so far as the same should be necessary, was given, as we construe the judgment, not for the purpose of creating a separate and independent right or estate in the defendants in error, but only for the purpose of aiding and confirming the absolute and indefeasible title theretofore attempted to be vested in them by the said judgment.

The judgment not only attempted to vest the absolute title to the land in the minor children, but restricted its alienation during their minority and sought to place in the defendants in error not only the title but the

benefits flowing from the ownership thereof during their minority, and to aid in the accomplishment of this purpose it merely gave to the mother certain qualified rights in the proceeds from the land during minority.

This part of the judgment was so involved with that part of the judgment by which the absolute title was attempted to be vested in the defendants in error that it became tainted with the same invalidity, and the plaintiff in error cannot, therefore, claim that the running of the statute was interrupted by such occupancy. Such occupancy was then, and at all times thereafter continued to 'be, adverse, open, and notorious under a void judgment and decree.

Sctions 8553, 8554, C. O. S. 1921. provide:

"Title by Occupancy. Occupancy for any period confers a title sufficient against all except the state, and those who have title by prescription, accession, transfer, will or succession.

"Prescription. Occupancy for the period prescribed by civil procedure, or any law of this state as sufficient to bar an action for the recovery of the property, confers a title thereto, denominated a title by prescription, which is sufficient against all."

Under section 8554 it is to be noted that occupancy for any period fixed by the law of this state as sufficient to bar an action for the recovery of the property confers title by prescription sufficient against all.

The instant case does not fall within the provisions as to the limitations of real actions contained in the first and second subdivisions of section 183, C. O. S. 1921, but does fall within the fourth subdivision thereof, which provides as follows:

"An action for the recovery of real property not hereinbefore provided for within 15 years."

In a proper case falling within the first and second subdivisions of the limitation statute referred to, coupled with open, notorious, and adverse occupancy, title by prescription would arise after five years, independently of the provisions contained in said subdivisions one and two, because section 8554 makes it so, but section 8554 is broad enough to give rise to title by prescription when occupied openly and notoriously for 15 years under the fourth subdivision of the limitation statute cited above.

In Mehard et al. v. Little, 81 Okla. 1, 196 Pac. 536, this court had occasion to consider section 8554, supra, as it applied to a void sale of land under execution, where possession had been taken under the deed issued pursuant thereto and held continuously for more than five years prior to the commencement of the action.

In the cited case occupancy under subdivision one of the limitation statute was held to have ripened into a complete title by prescription as against the true owner. The same conclusion must follow when section 8554 is applied to subdivision 4 of that statute.

As was said by the Supreme Court of Kansas in Goodman v. Nichols, 23 Pac. 960, quoting with approval this statement from Washburn on Real Property, vol. 3 (5th. Ed.) page 149:

"When the bar of the statute becomes complete, however destitute of the color of tile such occupancy may have been under, to the extent that it was actual, visible, and continuous, a title by prescription arises in the adverse occupant. This title is in all respects equal to a conveyance in fee. The only distinction which can be recognized between title acquired under the statute of limitations by adverse occupancy, under claim and color of title, and without such claim or color, is that in the latter case title will only be coextensive with actual, visible and continued occupancy, while in the former color of title may, by construction, embrace lands only part of which was thus actually occupied."

Continuing, the court said in the body of the opinion:

"An adverse possession of real estate for the statutory period, held in good faith under a deed, will confer title, however defective the deed may be, and although the judicial proceedings and sale under which it is issued were void, and will do so even if the deed is void on its face."

While the judgment of the divorce court was absolutely void and afforded no color of title, it did have the effect of giving a bona fide character to the possession of the defendants in error, and if the occupancy thereafter maintained was coextensive with the entire tract and continued uninterruptedly for more than 15 years, title by prescription would arise in favor of the defendants in error.

The title of the defendants in error rests upon their continued adverse possession, and not upon the divorce judgment and decree. Of course, open, notorious, and adverse possession under the 15 year statute of limitations would not constitute a bar to a recovery of the land by one during such time as he was under disability, but there is nothing in the record before us tending to

show that the plaintiff in error was under the disability of minority or otherwise at any time subsequent to the entry of the defendants in error under the divorce judgment in 1902, and in the absence of any such showing it will not be presumed that the plaintiff in error was labo.ing under such disability. Nor can the fact that the plaintiff in error was a tenant in common with the defendants in error prevent the running of the statute of limitations so as to give rise to title by prescription in his cotenant claiming exclusive title to the entire land in himself. 1 Cyc. 1072, 1075, and 1077; Knowles v. Brown, 69 Iowa, 11.

We conclude upon a careful consideration of the entire record that the judgment of the trial court was correct, should be and is hereby in all things affirmed.

By the Court: It is so ordered.

Note.—See 2 C. J. p. 117, §192; p. 172, §332.