**BONEBRAKE et al. v. FLOURNEY et al.**

No. 18239. Opinion Filed June 19. 1928.

Rehearing Denied Nov. 13, 1928.

E. E. Blake, for plaintiffs in error.

T. R. Wise and Arthur Leach, for defendants in error.

HERR, C. This is an action by H. E. Bonebrake and the Choctaw Townsite & Improvement company against Tom D. Flourney and J. T. Brickell to recover possession of and quiet title to lot 4, block 61, in the city of Sayre, Okla. Defendants claim under a tax deed and 15 years' adverse and continuous possession. The judgment of the trial court was in favor of the defendants. Plaintiffs appeal.

The Choctaw Townsite & Improvement Company was the original owner of the lot. This lot was sold for taxes for the year 1904, tax deed being issued to the purchaser, J. C. Hendrix, on December 24, 1906, and by him recorded on December 31, 1906. It is conceded that this tax deed is void upon its face. J. C. Hendrix subsequently conveyed the premises to Bell, who conveyed to Whitehurst. On August 7, 1908, Whitehurst conveyed to V. F. and Nellie Allen. On October 17, 1910, the Allens executed a mortgage thereon to H. K. Speed, which mortgage was by him assigned to Ira Speed. This mortgage was subsequently foreclosed and a sheriff's deed executed to Ira Speed on October 14, 1921.

Prior to the execution of the mortgage to Speed, the Allens executed a chattel mortgage on the building located on said lot. The evidence is to the effect that the Speed mortgage did not include the building, and that the purchaser at sheriff's sale did not claim the building under his deed. The mortgage, however, does not show on its face that the building is excluded therefrom, but we think the record is conclusive that it was the intention of all parties to exclude the same.

The evidence discloses that the Allens occupied the premises in person for a period of about one year after the purchase, and that in 1909, they rented a portion thereof to J. N. Mallouf and a portion thereof to Rosa Rogers. Mallouf remained in possession as the tenant of the Allens, regularly paying rent to them, until possession was taken by Ira Speed under sheriff's deed.

The evidence also discloses that the Allens were indebted to Sewal Lumber Company in the sum of $180 for lumber used in repairing the building; that sometime in 1909 judgment was taken against them before a justice of the peace of the city of Sayre for said sum. Execution was subsequently issued on said judgment and levied on the building situated on this lot, and the same was sold to satisfy the judgment.

It seems that all parties treated the building as severed from the lot and as personal property. The same was, by the consent of the Allens, sold under execution to satisfy the judgment. The plaintiff Townsite Company became the purchaser of the building at this sale, and thereafter took an assignment of the chattel mortgage executed by the Allens on the building. The Allens, however, continued in possession of the building and occupancy of the premises, collected the rents as before, and continued so to do until possession was taken by Ira Speed under his sheriff's deed.

After Speed took possession, Mallouf, who was at that time in possession as the tenant of the Allens, remained in possession as the

tenant of Speed until January 12, 1920. Speed then conveyed to J. T. Brickell, Mallouf remaining in possession as the tenant of Brickell, paying him the rent until sometime in 1921, when he removed therefrom because of the untenantable condition of the building. The lot then remained unoccupied until sometime in 1922, when the old building was torn down by Brickell and a brick building erected thereon, by him. Brickell then conveyed to Flourney, who was in possession at the time this suit was filed.

It further appears that sometime in 1914, while Ira Speed was in possession of the building and premises, the plaintiff Townsite Company made some claim to the rent. Speed made a bond to his then tenant, Mallouf, to indemnify him, who then paid to the said Speed the rents. Speed, by letter, then notified plaintiff Townsite Company to move the building, which was by it purchased at the execution sale, off the lot. This plaintiff refused to do and the old building remained thereon until 1922, when it was torn down by Brickell as above set forth. Plaintiff Townsite Company at no time took any steps to establish its right to the rent or title to the lot. Taxes on the premises were regularly paid by the various parties in possession as they became due and payable.

It appears that in December, 1914, Joe Rodiguez went into possession of a portion of the old building, the record disclosing that neither plaintiffs nor Speed, then in possession and claiming to be the owner, authorized such entry. It is apparent that he so entered as a mere intruder. The plaintiff Townsite Company, however, after ascertaining the presence of Rodiguez in the building, induced him to pay to it the rent for the months of December and January.

Speed, after ascertaining the entry, made by Rodiguez, immediately brought an action in forcible entry and detainer against him. which action resulted in judgment in his favor for possession. Rodiguez immediately thereafter rented the premises from Speed, and remained in possession as his tenant and paid the rent to him until he removed therefrom.

This suit was brought by the plaintiffs on the 7th day of May, 1925. It is contended by plaintiffs that the continuity of the possession has been broken, and therefore the running of the statute of limitation has been arrested. It is argued that the purchase of the building at the execution sale, and the collection of the two months rent, as hereinabove set forth, amounted to a re-entry by the plaintiff, and that plaintiff was, therefore, constructively, in possession until ousted by the forcible entry and detainer suit in 1915; that the running of the statute of limitation was suspended from 1909, the date of the purchase of the building, until the ouster of Rodiguez in 1915. No authorities are cited.

We cannot agree with this contention. The purchase of the building at execution sale did not amount to a re-entry. Possession of the premises was never taken by plaintiffs. The rents were at all times collected by the various parties in possession. Their possession was never disturbed. Plaintiffs were at no time in possession or occupancy of the premises, either actual or constructive. The entry of Rodiguez and secret payment of rent by him to the plaintiff did not operate to break the continuity of the possession.

In 2 C. J., page 96, it is said:

"While the essentials of an entry effective to interrupt an adverse possession will vary according to the character of the premises involved, yet, it must not be of a casual or secret character, but must be either known to the occupant or 'be made under such circumstances as to enable the party in possession, by the use of reasonable diligence, to ascertain the right and claim of the party making the entry,' and thus enable him to resort to legal remedies for its protection."

Again, at page 99, the rule is thus stated:

"If the claimant acquiesces in the entry and taking of possession by a third person, who claims to own the land, this will interrupt his adverse possession, although such third person subsequently surrendered to the claimant. But where legal proceedings against the intruder are promptly and successfully prosecuted, there is no interruption of the continuity, and the period during which the possession was interrupted cannot be deducted in computing the length of adverse possession by the claimant."

Plaintiff Townsite Company has attempted to establish other rental payments to it between 1909 and 1915, but the evidence is insufficient to establish the same.

Judgment should be affirmed.

BENNETT, HALL, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.