## WHITNEY et al. v. POSEY et al.

No. 26898. Nov. 4, 1936.

Rehearing Denied June 29, 1937.

Twyford & Smith and J. Walker Field, for plaintiffs in error.

J. S. Estes (Baxter Taylor, on brief), for defendants in error.

CORN, J. This action was originally brought in the district court of Oklahoma county by Y. A. Posey and Martha L. Posey, as plaintiffs, against Sam Whitney and numerous other defendants to quiet title to 80 acres of land and to determine the heirship of certain defendants sought to be barred by the action.

The plaintiffs allege in their petition that they are the absolute owners in fee simple of the east half of the southwest quarter of section 33, in township 11, N., range 1. E., in Oklahoma county, alleging that they had been in the actual, open, notorious, adverse, and undisputed possession of said land since January 8, 1916, to the date of filing of said petition on March 2, 1935, and had paid all taxes thereon since and including the year 1911, and therefore claiming title by prescription by reason of adverse possession for more than 15 years, basing ownership and adverse possession upon a tax deed issued to them by the county treasurer on January 16, 1919, and filed for record on the same date in Book 211 of Deeds, at page 153, in the office of the county clerk of said county.

Plaintiffs further allege that the said James S. Foster and his wife, Dollie Foster, in the year of 1911 moved away from said land and wholly abandoned the same, moving to Oklahoma City, where they resided continuously until their deaths; that the only

children of the said James S. Foster and Dollie Foster, or either of them, were a son, Hallie Foster, and a daughter, Leona Foster, who died single and unmarried and without issue prior to the death of her father and mother; that the said James S. Foster died intestate in Oklahoma county May 27, 1914, leaving surviving him as his sole and only heirs at law his wife, Dollie Foster, and his son, Hallie Foster; that on April 11, 1917, the said Hallie Foster died intestate in Oklahoma county, leaving no heirs except his mother, Dollie Foster, and his wife, Dovie Foster; that on January 1, 1924, Dollie Foster died, single and intestate, in Oklahoma county, where her estate was administered in the county court and her heirs determined, namely, Sarah C. Conyers, a niece, Geneva Johnson, a niece, Helen M. Sampson, a sister, Diora Vertrees, a sister, Harvey Whitney, a nephew, F. R. Whitney or Frank R. Whitney, a nephew, and Sam Whitney, a nephew; that in the administration of said estate the 80 acres of land involved in this action was not claimed as estate property, and that none of the defendants had any interest therein.

The defendants above named, claiming under James S. Foster, joined in an answer to plaintiffs' petition, attacking the validity of the tax deed. Said answer makes a general denial of every material allegation of plaintiffs' petition, except such as were specifically admitted therein. No specific denial was made of plaintiffs' alleged actual, open, notorious, adverse, and undisputed possession of said land for more than 15 years.

The cause being tried to the court, the court made a general finding that the plaintiffs' petition was true, and found the issues in their favor. The court further found that the plaintiffs had been in the actual, open, notorious, adverse, and undisputed possession of said land for more than 15 years prior to the institution of said action; that they had paid all taxes thereon and had exercised ownership thereof for all of said time and were entitled to have their title quieted against all defendants in said action. The defendants prosecute this appeal.

It appears that the only interest of Twyford & Smith in the subject of this action is contingent upon recovery, as attorneys for the defendants.

The defendants introduced evidence at the trial to show certain irregularities in the proceedings for tax deed, which they contend rendered the deed void. As we view the record, this evidence was immaterial for the reason that the action is based, not upon the tax deed, but upon adverse possession. We find no allegation in the petition with reference to the regularity of the tax proceedings or the validity of the tax deed, nor any specific finding in the judgment of the court with reference thereto, as in actions to quiet title upon tax deed. Apparently it was pleaded in the petition for the sole purpose of establishing one of the essential elements of adverse possession, namely, that plaintiffs' possession during the statutory period was not held in subordination to any title or claim of the defendants, but was adverse and hostile to all claimants.

In the case of Bonebrake et al. v. Flourney et al., 133 Okla. 101, 271 P. 658, where it is conceded that tax deed was void upon its face, the following rule is stated in the syllabus:

"The title of a person in the actual and peaceable possession of land, claiming the same under a tax deed, void upon its face, will ripen into a good title where continuous, exclusive, adverse, and hostile possession is held thereunder for a period of 15 years."

In the case of McMann v. McMann et al., 123 Okla. 26, 252 P. 1093, this court quoted with approval from Goodman v. Nichols (Kan.) 23 P. 960, as follows:

"An adverse possession of real estate for the statutory period held in good faith under a deed, will confer title, however defective the deed may be, and although the judicial proceedings and sale under which it is issued were void, and will do so even if the deed is void on its face."

Also see Mehard v. Little, 81 Okla. 1, 196 P. 536.

Plaintiffs occupied the land for three years prior to the issuance of the tax deed, but this was without color of title, as possession under a tax sale certificate is, during the period of redemption, an admission that the possession is subject to the owner's right of redemption, and is not adverse to the true owner. Honeyman et al. v. Andrew et ux., 124 Okla. 18, 253 P. 489. And the statute did not begin to operate until the tax deed was issued on January 16, 1919. If they were in actual, open, notorious, adverse, and undisputed possession until the filing of said petition, as they allege, their title by prescription is perfect and absolute. The record presents a strong case in plaintiffs' favor. The evidence shows that they farmed and pastured the land themselves up to January, 1924, when they moved away from the farm, and thereafter rented it to tenants. During all the time they asserted ownership and dominion by the collection of rents, payment of taxes, and mortgaging the land as security for debt, and at one time defending the title

in a lawsuit with one Roy E. Baker. Posey had sold his 160-acre farm adjoining the 80 acres in question to Baker, who assumed and agreed to pay a mortgage covering both tracts. Baker rented the 80 acres from Posey and was to pay the taxes and keep up the fences for the use of the land. He allowed the taxes to go delinquent and bought same at tax sale, but when Posey learned of this he promptly redeemed the land by paying the taxes, penalties, and cost of sale and redemption. Then Baker undertook to get title to the land by taking an assignment to the mortgage from the mortgagee to his wife and foreclosing same. Posey successfully defended against this action and again cleared the title to the land.

In 1931 and 1932 one James Bucey, who rented the Baker farm, used this land. Mr. Posey tried to rent him the land, but he claimed he did not have enough stock to justify renting the land, and simply used it without paying rent. Likewise one V. L. Collins managed to use the land without paying rent, but these unfortunate experiences with interlopers of that type do not constitute an interruption of plaintiffs' possession.

The defendants' evidence was purely explorative in character, depending almost entirely upon cross-examination of plaintiffs' witnesses to find a gap or breach in the continuity of plaintiffs' adverse possession during the statutory period, but the effort was fruitless. Under the evidence in the case the judgment of the trial court should be, and it is hereby, affirmed.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS, and GIBSON, JJ., concur. RILEY, BAYLESS, BUSBY, and WELCH, JJ., absent.