FESSLER et al. v. THOMPSON et al.

No. 30385. May 5, 1942.

Rehearing Denied June 16, 1942.

Application for Leave to File Second Petition for Rehearing Denied Nov. 17, 1942.

*130 P. 2d 513.*

A. C. Brewster, of Pryor, for plaintiffs in error.

Carey Caldwell, of Vinita, for defendants in error.

CORN, V. C. J. This is an action to quiet title to a 10-acre tract of land. Judgment below was for the defendants, and the plaintiffs brought this appeal. The parties thus appearing here in their orginal order will be referred to herein as in the trial court.

It is contended by the defendants that the plaintiffs claim title through a deed from a stranger to the chain of title, and that the plaintiffs therefore never acquired any interest in or title to the land by reason of said deed or subsequent conveyances based upon it.

The plaintiffs do not rely entirely upon record title, but claim that their title has been perfected by adverse possession for more than 15 years. The issue, therefore, rests upon the sufficiency of the proof to establish a prescriptive title.

It is undisputed that the title was in Fred L. Kelley at the time of his death, and that he died intestate, leaving as his sole and only heirs Lula N. Kelley, his widow, and Pauline Kelley Flint, Fred L. Kelley, Jr., and George S. Kelley, his children; and that Lula N. Kelley later died intestate and her share descended to their children.

The plaintiffs set up five successive deeds showing their chain of title back to Emma O. Bean, who executed the original deed through which plaintiffs' title is derived, said deed having been executed on January 30, 1912, and filed of record and recorded August 14, 1912. The ten acres involved in this action was included in a 30-acre tract conveyed to plaintiffs on December 18, 1924.

There is no evidence in the record to show that the defendants ever exercised any right of ownership in relation to this land after the date of Emma O.

Bean's deed on January 30, 1912, or paid any taxes on same. To the contrary, the evidence in the record shows that the plaintiffs, and their predecessors in title under which they claim, occupied and used the land, openly, notoriously and continuously, paid the taxes thereon, and otherwise exercised the rights of ownership for a period of more than 15 years.

The evidence shows that this 10-acre tract of land was rough, rocky, untillable land, covered with scrubby timber, and of small value. During all this time it was used only as pasture land, and was used in connection with the larger body of land owned by the plaintiffs and former owners. The buildings and other improvements were situated upon other portions of the plaintiffs' farm.

In the case of Whitney et al. v. Posey et al., 180 Okla. 373, 69 P. 2d 335, we held, in paragraph 1 of the syllabus, as follows:

"The title of a person in the actual and peaceable possession of land, claiming the same under a tax deed, void upon its face, will ripen into a good title where continuous, exclusive, adverse, and hostile possession is held thereunder for a period of 15 years."

Also see Bonebrake et al. v. Flourney et al., 133 Okla. 101, 271 P. 658; McMann v. McMann et al., 123 Okla. 26, 252 P. 1093; Mehard v. Little, 81 Okla. 1, 196 P. 536.

In McKimmey v. Mowatt, 51 Okla. 411, 151 P. 1175, it was held that:

"It is not necessary, in order to establish and maintain possession of real estate, that the claimant should actually reside upon it or have it inclosed with a fence. It is sufficient if the party is doing such acts thereon that indicate in an open, public, and visible manner that he has exclusive control over the land, under a claim of right to such exclusive possession."

We have examined the record and are of the opinion that the plaintiffs' claim of title by adverse possession for a period of 15 years is amply sustained by the evidence, and that the judgment, being against the clear weight of the evidence, should have been rendered for the plaintiffs.

This court is committed to the rule laid down in City of Barnsdall v. Barnsdall National Bank et al., 185 Okla. 228, 90 P. 2d 1057, as follows:

"In an action of purely equitable cognizance this court will consider the entire record and weigh the evidence and cause to be rendered such judgment as the trial court should have rendered."

The judgment of the trial court is therefore reversed, and judgment is hereby rendered for the plaintiffs.

WELCH, C. J., and BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. RILEY, OSBORN, and ARNOLD, JJ., absent.