## DUNSHEE v. RITTHALER.

No. 34967.   Oct. 7, 1952.

*248 P. 2d 1038.*

Judson H. Pierce, Perry, for plaintiff in error.

Cress & Rosser, Perry, for defendant in error.

PER CURIAM. This action was instituted in the district court of Noble county, Oklahoma, on the 13th day of March, 1950, by Elizabeth E. Ritthaler, plaintiff, against Ila Dunshee and others, defendants. Plaintiff alleges that she is the owner of all of lots 6 to 20, both inclusive, in block 12, in Porter Addition to Perry, Oklahoma, according to the recorded plat thereof; that she has been in the open, notorious, peaceable and exclusive possession of said property under color of a tax deed for more than fifteen (15) years, and that by prescription she is the owner of said property and seeks to quiet her title as against the defendants.

All defendants except Ila Dunshee have been disposed of by default, disclaimer and confession. The contention is now solely between plaintiff in error and defendant in error.

For answer and cross-petition the defendant, Ila Dunshee, denies the allegations of the plaintiff, alleges that the tax deed is void and her cross-petition is one in ejectment and quiet title.

Hereafter we will refer to the parties as they appeared in the trial court.

There are only two primary witnesses who testified, the plaintiff and defendant. The plaintiff testified that at the

1929 tax resale in Noble county, Oklahoma, her husband, F. F. Ritthaler, being the same person as Frank F. Ritthaler, acquired a resale tax deed to the lots in controversy from the county treasurer of Noble county, Oklahoma, and a resale tax deed was executed and delivered to him dated May 9, 1929; that he immediately took actual, exclusive possession of the lots, claiming ownership and held the same openly and notoriously until March 21, 1942. F. F. Ritthaler and Elizabeth E. Ritthaler, his wife, then conveyed to Elizabeth E. Ritthaler, who retained, maintained and continued such possession and claim of ownership at all times since and that F. F. Ritthaler, during his ownership, and Mrs. Ritthaler, after the date of her deed, paid all taxes on the property.

The plaintiff tacitly admits that the tax deed is void and that she asserts title upon occupancy by adverse possession for a period of more than fifteen (15) years under color of title of resale tax deed.

Defendant asserts that the tax deed is void on its face and for that reason is not admissible in evidence, or sufficient to support adverse possession under the statute of limitation, and relies on Keller v. Hawk, 19 Okla. 407, 91 P. 778, and Wade v. Crouch and Edwards, 14 Okla. 593, 78 P. 91.

Plaintiff asserts title to the lots in question upon occupancy by adverse possession for a period of time in excess of fifteen (15) years under color of title of resale tax deed of 1929. She does not rely upon validity of the tax deed to establish title to the lots. The case of Keller v. Hawk, supra, is not in point; and Wade v. Crouch and Edwards, supra, does not cover the precise questions involved in the instant case.

The resale tax deed was introduced in evidence to show that plaintiff went into possession of the lots in question under color of title, and was admissible for that purpose.

Whitney v. Posey, 180 Okla. 373, 69 P. 2d 335, is controlling in this case.

There was little conflict in the evidence. Defendant did testify she had a conversation with F. F. Ritthaler with reference to resale tax deed in 1932. Even if she had it, more than fifteen (15) years' occupancy and claim of ownership has elapsed since that date.

After hearing the evidence, the court made finding of fact and conclusion of law, and in part said:

"The evidence of defendant with reference to plaintiff predecessor in title, Frank Ritthaler having taken it in subordination of her title, that is by permission, is in the Court's opinion not weighty and not conclusive and does not raise any presumption that there was an understanding that he was taking it from her as lessee or in subordination of her title."

Affirmed.

This court acknowledges the services of Attorneys B. F. Davis, A. G. Nichols, and Richard S. Roberts, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

HALLEY, V. C. J., and WELCH, CORN, DAVISON, JOHNSON, BINGAMAN, and O'NEAL, JJ., concur. GIBSON, J., concurs. in result.