Martha A. VAUGHN, Thomas C. Vaughn, Dorothy Louise Powell, Blanche Vaughn Schmitt, Garrison H. Buxton, C. C. Buxton, Jr., Betty Buxton, Charles Longmire Buxton, and William Baxter Buxton, Plaintiffs in Error,

v.

TOWN OF MAYSVILLE, Oklahoma, a Municipal Corporation, Defendant in Error.

No. 36862.

Supreme Court of Oklahoma.

March 20, 1956.

Ram Morrison, Oklahoma City, for plaintiffs in error.

R. B. Garvin, Pauls Valley, for defendant in error.

PER CURIAM.

Since as early as the year 1872, there has been a cemetery about one-half mile south of the Town of Maysville, in Garvin County, Oklahoma. It has been used as a cemetery continuously since that time. It was originally part of the land of the Chickasaw Nation. When the lands of the Choctaw and Chickasaw Nations were allotted, this particular tract, the E½ of the SE¼ of the NW¼ of the NE¼ of Section 21, Township 4 North, Range 2 West of the Indian Base and Meridian, was allotted to Edwin Coff, a full-blood Choctaw enrolled opposite Roll No. 5989, and the allotment deed to him was dated November 19, 1904, and filed for record in the office of the County Clerk of Garvin County on June 26, 1910. The land was never occupied by the allottee. On the 11th of January, 1916, E. B. Johnston acquired a certificate tax deed on the land in question from the County Treasurer of Garvin County, which was filed for record in the office of the County Clerk of that County on the 29th of July, 1919. On July 6, 1918, E. B. Johnston and his wife conveyed the land by quitclaim deed to the Town of Maysville and that deed was also filed for record on the 29th of July, 1919.

It further appears that Edwin Coff died on or about the 27th day of October, 1904, in what is now a part of LeFlore County, Oklahoma.

On the 9th day of January, 1925, T. H. Vaughn and J. B. Garrison obtained a deed to the land in question from Cicero I. Murray, who had purchased the land from the heirs of Edwin Coff through deeds approved by the proper county courts of this State. The plaintiffs in error in this appeal are descendants of Vaughn and Garrison.

The question in this case is who owns the five acres in litigation, the Town of Maysville or the plaintiffs in error. The Town of Maysville relies upon the deed from the Johnstons and its possession. The plaintiffs in error rely on the conveyances from the heirs of Edwin Coff and say that the tax deed to the Johnstons was void and that there has been no adverse possession by the Town of Maysville.

In our opinion it is unnecessary to pass upon the validity of the tax deed. It was sufficient to give the Town of Maysville color of title. Dunshee v. Ritthaler, 207 Okl. 233, 248 P.2d 1038. Under the evidence the Town of Maysville had occupied the land adversely for more than fifteen years. Even though the use by the public as a cemetery had been permissive originally, still at the time the ancestors of the plaintiffs in error acquired their title, the tax deed was on record and they were put upon notice that the Town of Maysville was asserting some right, title or interest in the land. The land continued to be used as a cemetery at all times and the Town of Maysville exercised certain dominion over the same. No taxes were paid upon the land. The Town made improvements in the cemetery and it was recognized generally as the Maysville Cemetery. In Whitney v. Posey, 180 Okl. 373, 69 P.2d 335, we held that title under a tax deed, void on its face, ripens into good title by adverse possession. Here the Town's possession was certainly continuous, exclusive, adverse and hostile to that of

plaintiff's in error who never at any time exercised any control or possession of the land.

The plaintiffs in error contend that it was error to admit the tax deed in evidence without service of notice or attempting service of notice of application for tax deed. This is not tenable because they did not make a timely contest of the validity of the tax deed. Fletcher v. Twyford, Okl., 267 P.2d 554.

In our opinion the fifteen year statute of limitations, 12 O.S.1951 § 93, applies in this case and for that reason the judgment of the trial court is affirmed.