Fannie Madden WILSON, deceased, revived, Treva Madden Hartling, Ella Louise Madden Caldwell, Plaintiffs in Error,

v.

Ruth Mann HESTAND, Maggie Mann, Alice Mann Brewer and Naomi Mann Carpenter, the heirs, executors, administrators, devisees, trustees and assigns of Albert or A. B. Mann, deceased, one and the same person, the heirs, executors, administrators, devisees, trustees and assigns, immediate and remote of Albert or A. B. Mann, deceased, the Board of County Commissioners of Wagoner County, Oklahoma, and Evie P. Miller, County Treasurer of Wagoner County, Oklahoma, Defendants In Error.

No. 36615.

Supreme Court of Oklahoma.

June 5, 1956.

Rehearing Denied July 10, 1956.

Application for Leave to File Second Petition for Rehearing Denied Sept. 11, 1956.

Appeal from District Court of Wagoner County; E. A. Summers, Judge.

Action to quiet title by plaintiffs, Treva Madden Hartling et al. against Ruth Mann Hestand et al., defendants. From judgment for defendants on cross-petition, plaintiffs appeal. Affirmed.

Watts & Youree, Wagoner, Looney, Watts, Ross, Looney & Nichols, Oklahoma City, for plaintiffs in error.

E. J. Broaddus, Wagoner, for defendants in error.

PER CURIAM.

This action was commenced on October 30, 1947, in the District Court of Wagoner County by Fannie Madden Wilson, now deceased, and her two daughters, Treva Madden Hartling and Ella Louise Madden Caldwell, as plaintiffs, to quiet title to certain real property in the City of Wagoner,

Oklahoma, against Ruth Mann Hestand et al., as defendants.

Defendants filed their answer and cross-petition alleging title to the property in defendants by prescription based on adverse possession for a period of more than fifteen years.

After trial to the court, judgment was rendered in favor of defendants upon their cross-petition, quieting their title to the property as against the plaintiffs, and plaintiffs bring this appeal.

It appears from the pleadings and evidence in this case that prior to 1920 the plaintiffs, together with their mother, Fannie Madden Wilson, held undisputed title to the property here involved. On November 24, 1920, the property was sold at county tax resale and tax deed issued to Albert Mann, now deceased, who was the husband of defendant, Maggie Mann, and father of the other defendants herein, who were determined to be his only heirs at law. Albert Mann was in continuous possession of the property from the date of the tax sale until his death in 1935, and his heirs, the defendants herein, have been in continuous possession thereof since his death.

The trial court held that the tax deed issued to Albert Mann was void but that it was sufficient to constitute color of title upon which to base adverse possession.

There was conflicting evidence concerning the nature of the defendants' possession, that is, whether such possession was adverse to the title of plaintiffs, and the only issue presented on this appeal is whether the judgment of the court is against the clear weight of the evidence.

Plaintiffs presented testimony for the purpose of proving that, prior to the tax sale, Albert Mann had orally promised their mother, Mrs. Wilson, that he would look after the property for her, collecting the rents and paying the taxes, and that his possession of the property was not, therefore, adverse to the title of plaintiffs.

Defendants' evidence reasonably tended to prove that Albert Mann did not promise to look after the property for Mrs. Wilson as claimed by plaintiffs; that after he obtained a tax deed in 1920, he assumed actual possession thereof, claiming the property as his own; that his possession and claim of ownership was exclusive, open and hostile and continuous until the date of his death in 1935, after which time these defendants, as his heirs and successors, continued in open possession, claiming exclusive ownership of the property.

The court, as the trier of the facts, resolved this conflicting evidence in favor of the defendants and the case falls squarely within the rule announced by this court in Dunshee v. Ritthaler, 207 Okl. 233, 248 P.2d 1038, wherein the court held in the first paragraph of the syllabus:

"The title of a person in actual and peaceable possession of land whose predecessor in title went into possession under color of title of a tax deed void upon its face, will ripen into a good title, where continuous, exclusive, adverse and hostile possession is held thereunder for a period of fifteen years."

After reviewing the evidence, we find that the judgment of the trial court is not against the clear weight thereof and will not, therefore, be disturbed on appeal.

Judgment affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Crawford and approved by Commissioners Reed and Nease, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

WILLIAMS, V. C. J., and DAVISON, HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.