**W. E. MILLS, Plaintiff In Error,**

v.

**Winnifred RENEAU, Pearl Litteer, Hazel Reneau Milby, C. C. Reneau and Eva Reneau Stevens, Defendants in Error.**

No. 41061.

Supreme Court of Oklahoma.

Dec. 28, 1965.

Rehearing Denied Feb. 22, 1966.

Paul Pugh and Al Pugh, Oklahoma City (Carrol Womack, Oklahoma City, on the brief), for plaintiff in error.

W. E. Robertson, of Robinson, Robertson & Barnes, Oklahoma City, for defendants in error.

BERRY, Justice.

This is an appeal by plaintiff in error from a judgment entered in favor of defendants in error, herein denominated plaintiffs, in an action brought to quiet title to mineral interests in Grady County, Oklahoma.

The petition alleged that on September 18, 1930, defendant conveyed to H. W. Reneau, plaintiffs' predecessor in title, an undivided 15/240ths mineral interest in the "Southeast Quarter of Northeast Quarter and East Half of Southeast Quarter of Section 21 and Southwest Quarter of Northwest Quarter and West Half of Southwest Quarter of Section 22, all in Township 5 North, Range 6 West." At the date of execution and delivery of this deed, which was recorded November 30, 1931, defendant owned no mineral interest in the described land in Section 22, although the deed contained a warranty of title. The grantee (Reneau) died in 1945 and his estate passed to his wife for life, and upon her death in July, 1946, the present plaintiffs succeeded to all right and interest in the property. The petition also alleged and the record shows that on January 21, 1948, one-eighth mineral interest was conveyed by quit claim deed to the defendant by the then owner, Mineral Royalties, Inc. Upon this basis plaintiffs alleged that by virtue of the doctrine of after acquired title, an undivided 15/240ths mineral interest vested in plaintiffs, successors in interest of H. W. Reneau, upon recordation of the quit claim deed to defendant. Plaintiffs further alleged that they, through their predecessor in interest, at all times had been in constructive possession of such mineral interest and sought judgment quieting their title against defendant.

Defendant answered admitting execution and delivery of the deed and matters showing plaintiffs were successors of H. W. Reneau. Defendant alleged the deed was given to Reneau as security for an existing indebtedness; as part of the same transaction defendant and Reneau entered into a written memorandum by terms of which Reneau held title to the mineral interest in trust as security for the debt. Defendant then offered to do equity by tendering the amount due upon the indebtedness, with interest, and specifically alleged the trust deed had not been foreclosed; denied that plaintiffs or their predecessors in interest had been in possession of the minerals; and alleged the trust had never been repudiated until suit had been filed.

By cross-petition, styled a counter-claim, defendant alleged plaintiffs were claiming a total of 15 acres mineral interests in described land and prayed judgment quieting his own title to all mineral interests described in Sections 21 and 22.

Plaintiffs' demurrers to the answer and cross-petition were overruled. Plaintiffs replied denying knowledge of the memorandum agreement, and alleged if the conveyance were to Reneau in trust as security for indebtedness such fact was unknown to plaintiffs. Plaintiffs further alleged that they and their predecessors had maintained actual, open, continuous and adverse possession of the minerals for more than 15 years, and any claim by defendant therefore was barred by the applicable statutes of limitation; that any right on defendant's part to reform the mineral deed or to have same declared a mortgage and to redeem therefrom also was barred by limitations, and that defendant was guilty of laches. Plaintiffs also prayed that defendant take nothing by reason of his counter-claim.

Defendant replied to plaintiffs' answer to his counter-claim by general denial, and specifically denied plaintiffs' claim of possession of the minerals, and that laches or any statute of limitations applied to his claim.

Plaintiffs' case was supported by introduction of the mineral deed executed September 18, 1930, by defendant to W. H. Reneau; the conveyance from Mineral Royalties, Inc. to defendant, dated January 21, 1948; the probate court proceedings whereby plaintiffs became successors in interest of W. H. Reneau; and testimony by one of plaintiffs that she had not been

upon the property and did not know who held possession of the surface in which plaintiffs claimed no interest. On cross-examination the plaintiff testified to having received a total of $1,000.00 for oil and gas leases upon the particular tract.

Defendant introduced the following Memorandum Agreement in evidence:

"September 18, 1930

"By and between W. E. Mills, party of first part, and W. H. Reneau, party of second part, both of Oklahoma City, Oklahoma. Party of the first part has this date executed mineral deed described as follows:

"The Southeast Quarter of the Northeast Quarter and the East Half of the Southeast Quarter, Section 21 and the Southwest Quarter of the Northwest Quarter and the West Half of the Southwest Quarter of Section 22, Township 5 North, Range 6 West.

"In favor of the second party, in consideration of additional security for the payment of one note executed to T. H. Gilliland, now held by Frank Bosworth Company, 315 Commerce Exchange Building, Oklahoma City, Oklahoma.

"It is agreed that party of the first part is to have sixty days from the 9th day of September, 1930, to redeem mineral deed by full payment of note and interest on same.

s/ "W. E. Mills
H. W. Reneau."

Also introduced in evidence was a receipt showing partial payment of $25.00 upon the indebtedness. It is to be noted that plaintiffs admit the genuineness of the memorandum.

Based upon the evidence the trial court found the mineral deed of September 18, 1930, was given as security for indebtedness and was intended by the parties to be defeasible. This correctness of this finding is admitted by plaintiffs. The Court further found that neither plaintiffs, their predecessor in interest, nor defendant ever had been in possession of the surface and no oil or gas had been produced from the property.

The trial court then found the statute of limitations had barred enforcement of the balance of indebtedness due and owing from defendant, and which the deed was given to secure, and defendant's right to redeem such mineral interest also was barred by limitations; that plaintiffs, as successors in interest to W. H. Reneau, were the owners of the described 15/240ths undivided mineral interest, and defendant was barred by the statute of limitations from asserting that the mineral deed involved was given as security for indebtedness. Judgment was entered in accordance with the trial court's findings quieting plaintiffs' right and title to the minerals and denying defendant relief sought under the cross-petition.

As grounds for reversal of such judgment defendant presents three propositions, and argues that the present appeal involves only questions of law. We consider this argument well taken, and for this reason direct attention particularly to the third contention whereunder defendant urges the judgment is contrary to the findings of fact and to the law applicable thereto.

Our statutes relative to liens and mortgages are dispositive of the issues involved in this appeal. The general provisions of our lien law, 42 O.S.1961, § 1 et seq., define a lien as any charge imposed upon specific property whereby it is made security for performance of an act. Contracts of mortgage or pledge are subject to the provisions of the lien laws. A lien does not serve to transfer title to property, and is extinguished by lapse of time.

The trial court found the mineral deed from defendant to Reneau was given as security for the payment of money and was intended by the parties to be defeasible. Under 46 O.S.1961, § 1 such an instrument is deemed a mortgage and must be foreclosed as such. This provision in our mortgage statutes has been construed and applied in a number of early decisions. In

Krauss v. Potts, 38 Okl. 674, 135 P. 362; Edmundson et al. v. State, 181 Okl. 150, 73 P.2d 150; Gilpatrick v. Hatter, Okl., 258 P.2d 1200. In Krauss, supra, Syllabus 1 states:

"1. An instrument purporting to be an absolute conveyance of real estate, but intended to be defeasible or as security for the payment of money, is deemed a mortgage, and must be recorded and foreclosed as such.

"(a) The holder of a deed absolute, taken as a security for a debt, can only acquire title by a foreclosure of his mortgage, and any agreement of forfeiture is void.

"(b) Any person having an interest in the mortgaged real estate may redeem from such deed."

The statutes, 46 O.S.1961, §§ 8 and 10 further provide:

"8. GRANT INTENDED AS MORTGAGE RECORDED AS MORTGAGE.—Every grant of real property, or of any estate therein, which appears by any other writing, to be intended as a mortgage within the meaning of this chapter, must be recorded as a mortgage; and if such grant and other writing explanatory of its true character are not recorded together at the same time and place, the grantee can derive no benefit from such record. R.L.1910, § 4020."

"10. SEPARATE INSTRUMENT RECORDED.—Every instrument explanatory of any deed or other writing purporting to be a conveyance but intended to be defeasible or as security for the payment of money, shall be deemed a part thereof, and must be filed and recorded therewith; and unless such instruments are so filed and recorded together, they and each of them shall have no other effect than an unrecorded mortgage, and the recording of the principal instrument shall secure no rights to the holder thereof. R.L.1910, § 1157."

As early as Balduff et ux. v. Griswold, 9 Okl. 438, 60 P. 223, we held that an absolute deed given as security for an indebtedness constituted a mortgage and was governed by the law relative to mortgages. In Williams v. Purcell, 45 Okl. 489, 145 P. 1151, upon authority of earlier decisions, it was held that where a conveyance absolute upon its face was intended to be defeasible, the instrument had to be recorded as a mortgage. The rules announced in these early decisions still control and are applied without deviation. And, in Exchange Trust Co. v. Godfrey, 128 Okl. 108, 261 P. 197, it was held that by virtue of Sec. 10, supra, recording only the principal instrument (the deed) secured no right to the holder.

The issues then must be resolved in the following manner: The mineral deed in question, together with the written agreement showing defeasibility, was intended as a mortgage and it was required that both instruments be recorded and foreclosed as such. Only the principal instrument was recorded. In view of the statute, supra, recording the mineral deed alone secured no rights to the grantee, plaintiffs' predecessor in interest, but placed him in the position of being the holder of an unrecorded mortgage intended to secure an indebtedness. His rights in the transaction simply allowed him to proceed to collect the indebtedness, so long as no rights of third parties intervened. The copy of defendant's letter to Reneau dated June 23, 1944, inquiring as to the balance due and offering to pay off the note, was offered in evidence. Whether the trial court correctly or incorrectly denied admission of the writing in evidence is of no present concern, although it may be noted that the date therein mentioned would have represented the latest possible date from which the statute of limitations could be set in motion. The right to attempt to assert a cause of action upon the indebtedness would have been barred under 12 O.S.1961, § 95 (1), by June 24, 1949, at the latest possible date. Thus the statute of limitations ran

against any claim for the indebtedness long prior to filing of the quiet title action.

The remaining question involves defendant's right to relief under his cross-petition seeking to have his title to the mineral interest quieted as against plaintiffs' claim. Our statute, 42 O.S.1961, § 23, provides that a lien is extinguished by lapse of time within which an action can be brought upon the principal obligation. In Burroughs v. Burroughs, 196 Okl. 50, 162 P.2d 549, we reviewed this matter at some length, distinguished certain prior decisions claimed to be in conflict, and announced this conclusion in the syllabus:

> "Under and by virtue of 42 O.S.1941, § 23, a mortgagor or his heirs may successfully institute and maintain an action to quiet title against the mortgagee, not in possession of the mortgaged property, when the mortgage lien has been extinguished by a lapse of time sufficient to bar an action upon the mortgage debt."

More recently the same conclusion was restated in Hurst v. Byars et al., Okl., 298 P.2d 407.

Although correct in finding the mineral deed was executed and delivered to secure defendant's indebtedness and was intended to be defeasible, the trial court erred as a matter of law in decreeing that the statute of limitations precluded defendant from asserting the deed was a mortgage, and from quieting his title to the minerals involved. In a case of equitable cognizance, where the trial court's conclusion is against the weight of the evidence or contrary to law, the rule to be applied is stated in Syllabus 3 of Fessler v. Thompson, 191 Okl. 450, 130 P.2d 513:

> "In an action of purely equitable cognizance this court will consider the entire record and weigh the evidence and cause to be rendered such judgment as the trial court should have rendered."

The judgment is reversed and the cause is remanded to the trial court with directions to vacate the judgment entered (for plaintiffs) and to enter judgment quieting defendant's title as prayed in the cross-petition.

JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, HODGES and LAVENDER, JJ., concur.