MORRIS v. FUTISCHA et al.

No. 31222. March 7, 1944.

Rehearing Denied May 23, 1944.

*148 P. 2d 986.*

C. F. Green, of Ada., for plaintiff in error.

King & Wadlington and Wimbish & Wimbish, all of Ada, for defendants in error.

OSBORN, J. This action was originally brought in the district court of Pontotoc county by Carl T. Morris, plaintiff, for judicial determination of the heirs of one Luina Leader, deceased, and to quiet the title to the N.W.¼ of S.E.¼ of N.W.¼ of section 18, township 3 north, range 6 east. Judgment was in favor of certain defendants for an undivided one-sixth interest in said lands. Plaintiff appeals.

Plaintiff alleges that on the 8th day of February, 1911, as an heir of Luina Leader, deceased, joined by his wife, John Futischa executed a deed conveying an undivided one-third interest in said property to S. R. Tolbert, one of his predecessors in title, and that since that date the plaintiff and his predecessors have been in the open, notorious, visible, adverse, and peaceable possession, exercising ownership, paying taxes and making valuable and lasting improvements, and that if John Futischa owned an undivided one-half interest in said property, said warranty deed passed an after-acquired title to said purchaser. The plaintiff further asks that the heirs of said Luina Leader, deceased, be determined, and that his title be quieted as against them.

The heirs of John Futischa claim that the said John Futischa died owning an undivided one-sixth interest in the above-described lands, and asked that their title be quieted.

Luina Leader, the original allottee, died February 10, 1906, leaving, as her heirs, a half-brother, John Futischa, and certain nieces and nephews, children of a deceased sister, and John Futischa inherited an undivided one-half

interest in said property. On the 8th day of February, 1911, John Futischa gave a warranty deed to S. R. Tolbert conveying an undivided one-third interest in said lands, who immediately went into possession of said property and continued in possession until January 4, 1930, at which time he conveyed by warranty deed this property, with other property, to W. H. Tolbert and J. R. Tolbert, who, on the 4th day of November, 1941, conveyed the ten acres, with other lands, to the plaintiff. The Tolberts have been in possession of said land continuously since 1911, until it was sold to plaintiff, and have paid taxes thereon. The land is grazing land and no improvements have been placed on it, but it has been under fence owned by the Tolberts.

It is admitted by the plaintiff that he did not have any deed to said property from the heirs of Luina Leader except the one conveying the undivided one-third interest. The only question before this court is whether or not the plaintiff now has acquired title by prescription to the remaining undivided one-sixth interest owned by John Futischa.

Mere naked possession or occupancy of the premises, no matter how long. without a claim of right or color of title, cannot ripen into a good title, but must always be regarded as being an occupancy for the use and benefit of the true owner. Wade v. Crouch, 14 Okla. 593, 78 P. 91; Fleshner v. Callahan, 32 Okla. 283, 122 P. 489, and Honeyman v. Andrew, 124 Okla. 18, 253 P. 489.

When S. R. Tolbert took the deed to the undivided one-third interest from John Futischa, he (John Futischa) owned an undivided one-half interest therein and said title was therefore not an "after-acquired title." The deed to the undivided one-third interest gave Tolbert the right to go into possession as a cotenant, and he did not claim to own all of the land, as is shown by the petition wherein plaintiff alleges that he had endeavored to find out "who owned the other two-thirds undivided interest

in said property, but plaintiff with such effort and diligence has been unable to locate any other heirs to said estate." The mere possession of Tolbert does not operate as, or amount to, adverse possession, but there must be something to show a denial or repudiation of his cotenants' rights, or the possession will be deemed to be held in subordination to the rights of the cotenant. Coats v. Riley, 154 Okla. 291, 7 P. 2d 644, and Whitney et al. v. Posey et al., 180 Okla. 373, 69 P. 2d 335.

The Tolberts could not convey any better title than they had. Plaintiff failed to prove title by adverse possession as to the undivided one-sixth interest inherited by John Futischa.

This decision does not pertain to the other undivided one-half interest, since the judgment as to that portion of the land was not appealed from.

Affirmed.

CORN, C.J., GIBSON, V.C.J., and RILEY, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.