HERBERT et al. v. FORMAN.

No. 32613. May 6, 1947.

Rehearing Denied June 3, 1947.

*181 P. 2d 257.*

C. W. Clift and Russel B. McCabe, both of Oklahoma City, for plaintiffs in error.

Murphy & Firestone, of Kingfisher, for defendant in error.

RILEY, J. Waldo Herbert et al., defendants in the trial court, appeal from a decree quieting title claimed by plaintiff, Emil Forman, to the mineral rights in a described acre of land used and occupied by school district No. 87, Kingfisher county, Okla. The school district was not made a party to the action and only the mineral interests in the land are involved.

Emil Forman relies upon a quitclaim deed obtained in 1944, purporting to grant to him the school district's interest in the mineral rights. He limits the issue in his answer brief to the question of whether the school district, as result of adverse possession of the land, obtained title by prescription as against defendants, who, as heirs at law of the deceased patentee, Henry Herbert, claim right by inheritance.

Waldo Herbert et al., defendants below, contend that the school district acquired from their ancestor nothing more than a permissive use of the land for school purposes, and therefore the school district was without right to convey any mineral interest in the land; that Emil Forman acquired nothing as a result of the attempt on behalf of the school district, by a quitclaim deed, to convey to him the described mineral interest.

In view of the issue as limited, our decision may well rest upon whether the school district, on or about 1895, acquired from Henry Herbert a parol grant of the land by adverse possession, resulting in fee-simple title, or whether a mere permissive use of the land for school purposes was obtained, which, as a result of use and occupancy, may have terminated in an easement. There was no evidence whatever of a conveyance by deed.

The only evidence bearing upon the school district's right or interest in the land involved was that of the witness Lottie McKnight, adduced by defendants, and that of Joe Ruhl, a witness for plaintiff. The evidence appears at pages 98 to 103 and 75 to 85 of the record.

Lottie McKnight testified that she recalled in 1893 or 1895 the occasion when trustees of the school district visited her father. The schoolhouse was then on the northeast corner of her father's farm.

"Father had told them they could use an acre there. . . . They wanted the schoolhouse near the center of the district . . . they asked him if he minded if they used the northeast acre at the northwest corner instead of the northeast corner and he said it made no difference to him, but he would like to have it left on his land so he could have it close for his children to go to school. Q. Did he give them a deed to it? A. He did not."

Joe Huhl testified as follows:

". . . Who gave the right and privilege to put the new wooden structure on the land . . .? A. Mr. Henry Herbert. Q. And his wife? . . . A. Yes, sir."

The whole of this evidence is consistent only with the permissive use of the land for school purposes. The evidence does not indicate a parol grant to a fee-simple title in the land subject by use and adverse possession to becoming a title by prescription. Title by prescription under the doctrine of adverse possession is not made out by inference, but must rest upon clear and positive proof. Every presumption is in favor of possession in subordination to the title of the true owner. Caldwell v. Scivally, 118 Okla. 1, 246 P. 879.

In School District No. 100 v. Barnes et al., 110 Kan. 25, 202 P. 849, it was held that occupancy of donated land for school purposes did not confer a right to the mineral interest in the land, and here, as in the cited case, there was no deed to which we can look to ascertain the terms on which title was transferred. It was the school site which was being acquired. The right to occupy the land as a place on which to build a schoolhouse and maintain a school does not carry with it the right to take from the land oil and gas or other minerals for commercial purposes. Consequently, the school district was without right to convey to plaintiff any mineral interest in the land.

Defendant in error, plaintiff below, relies upon Spillsbury v. School Dist. No. 19, 37 Ariz. 43, 289 P. 1027, and kindred cases. But, in the cited case, unlike the case at bar, in a subsequent deed executed by the original owner of the land, words used indicated that the one acre of land had been theretofore deeded to and was owned by the school

district, thus giving rise to the basis of the decision predicated upon the terms of a lost deed. Therein the school district's ownership was held to be inconsistent with the mere permissive use of the land or an easement growing out of the permissive use for school purposes.

In the case at bar it was not shown by the evidence that the school district had right in the land for all purposes. Therefore, it must be held that the use and occupancy of the premises was for school purposes only. No effort by either party is made to disturb the school district's right of possession for school purposes.

The additional fact urged upon us that in 1937, for a consideration of $20, inclusive of damages to the building and fences, the school district conveyed to the State of Oklahoma a part of the land involved, as an easement for road purposes, does not, under our view of the case, alter the character of the school district's interest in the land.

Reversed and remanded, with directions to enter judgment for defendants.

HURST, C.J., DAVISON, V.C.J., and OSBORN, BAYLESS, CORN, GIBSON, and ARNOLD, JJ., concur.