LILES v. SMITH et al.

No. 35026.    April 8, 1952.

Rehearing Denied May 20, 1952.

*244 P. 2d 582.*

Young, Young & Young, Sapulpa, Pinson, Lupardus & Carlson, and H. Taylor Collins, Tulsa, for plaintiff in error.

Thos. S. Harris and T. L. Blakemore, Sapulpa, for defendants in error.

WELCH, J. This is a contest between plaintiff and the school district as to the title to a small tract of land about two acres in the southwest corner of an 80-acre tract of land.

Essentially the facts are that the 80-acre tract was owned by one Allen shortly after the turn of the century. About 1908, when the owner Allen was four or five years old, the school district erected a school building on the southwest corner of the 80-acre tract and on the approximately two acres involved in this action. From that time until the present a school building has occupied the premises and public school has been there conducted. During that period of approximately 44 years different buildings have been constructed, the present one being a substantial brick structure.

The original owner Allen continued as the record owner of the 80 acres until 1946 when he sold and conveyed same to plaintiff, Liles. Thereafter plaintiff claimed ownership of the school premises and commenced this action.

The controlling question is whether the school district occupied the school site adversely so as to acquire title by prescription or whether the use and occupancy was permissive so as to make the school district a licensee and so that ownership remained in Allen and passed by his conveyance to Liles.

It was plaintiff's contention that in the beginning oral permission was given by Allen's father to use and occupy one acre in the southwest corner of the 80-acre tract for school site with continuing right as long as the said acre should be used for school purposes, and that the facts here bring this case under the permissive use rule as applied in Herbert v. Forman, 198 Okla. 637, 181 P. 2d 257, and Caldwell v. Scivally, 118 Okla., 1, 246 P. 879.

The court found that the school district was in the possession and use of a tract described by metes and bounds containing about 2 acres and "that said school district has been in the open, notorious, hostile, adverse, and continuous possession thereof since the year 1908, under claim of right, occupying and using same for public school purposes at all times, thereby acquiring a title thereto by prescription; and that the plaintiff, Sam Liles, has no right, title or interest therein or thereto," and the title of school district was quieted in the school district to that tract described by metes and bounds and located in the southwest corner of the 80-acre tract of land.

It is quite evident that the trial court took the view that the evidence of plaintiff was not sufficient to bring this case under the rule of permissive use and that under all the evidence there could be no application of that rule so as to retain title in Allen and in this plaintiff after the exclusive use all these years as shown. We cannot say that such finding is clearly against the weight of the evidence.

Plaintiff in this action is willing for the school district to continue in its

right to use one acre, but we observe that the brick building itself extends over and beyond the one acre line. We observe also the suggestion without contradiction that when the owner Allen became of legal age about 1925, that he could have ejected the school district, but he did not do so. There is indication in his brief that plaintiff is willing for the school district to use more than one acre, and to use the approximately two acres involved in this action for so long as the same shall be used for school purposes, but we do not consider that view or attitude as of any controlling importance or effect in the case.

We have examined the record and heard oral argument and are convinced that the findings and judgment of the trial court are sustained by the evidence and are not clearly against the weight of the evidence.

It is our conclusion that in view of the trial court's findings this case is not distinguishable from the case of James v. Union Graded School District No. 2, Muskogee County, 201 Okla. 573, 207 P. 2d 241; that this case is controlled by that decision, and that in view of the statements and conclusions set out in that decision it is not necessary to dwell further upon the facts of this case or the reason for the conclusions of law and fact here applied.

The judgment quieted the school district's title to about two acres of land described in the judgment by metes and bounds, and for the reason stated, the judgment is affirmed.

CORN, GIBSON, DAVISON, JOHNSON and BINGAMAN, JJ., concur. HALLEY, V. C. J., dissents.