COOK et al. v. CRAFT.

No. 35032.    Sept. 9, 1952.

248 P. 2d 236.

Frank D. McSherry, Irenus P. Keith, and Logan E. Hysmith, McAlester, for plaintiffs in error.

Gordon & Whyte, McAlester, for defendant in error.

PER CURIAM. The defendants appeal from the judgment of the trial court quieting the title of the plaintiff to two tracts of land. These lands were allotted to James H. Reed, an intermarried citizen of the Choctaw Tribe of Indians. The allottee died intestate on August 16, 1926, and left surviving as his heirs at law, his widow, Maggie Reed, a full-blood Choctaw Indian, and his daughter, Sarah Elizabeth Cook, born to a former marriage. On April 1, 1929, Maggie Reed, the widow, filed a petition for the appointment of herself as administratrix of the estate of James H. Reed, deceased, in which petition she listed herself and the daughter, Sarah Elizabeth Cook, as the sole heirs. An order was made appointing Maggie Reed administratrix. She qualified, gave notice to creditors and filed an inventory and appraisement which listed the property in question as assets of the estate. The administration proceedings were never closed and Maggie Reed was still acting in the capacity of administratrix at the time of her death on April 10, 1947.

When the allottee died this property was encumbered by mortgage, and on October 31, 1929, Maggie Reed and Sarah Elizabeth Cook joined in extending the mortgage indebtedness. On August 30, 1933, Sarah Elizabeth Cook died, intestate, and left as her sole and exclusive heirs at law her children, James H. Cook, Lola Rankin, Dubose Cook, Margaret Gragg and Alta Franklin, who are the defendants.

Maggie Reed died testate, and under the terms of her will $100 was bequeathed to each of the defendants, and the remainder of her property was devised and bequeathed to her niece, Annie M. Craft, who is the plaintiff. In the probate proceedings on the estate of Maggie Reed the two tracts of land which are in issue here were listed as assets of the estate and distributed to Annie M. Craft. The title of Annie M. Craft is based upon these administration proceedings and the title alleged to have been acquired by Maggie Reed by adverse possession.

The defendants admit the title of the plaintiff to an undivided one-half in-

terest in the property, and they claim the other one-half based upon inheritance from their mother who in turn inherited from her father, the allottee. They plead estoppel on the part of the administratrix and Maggie Reed to assert adverse possession as against them.

While it is conceded that Maggie Reed actually was in possession of the premises from the death of the allottee until her death and that the plaintiff was in possession after the date until the filing of this suit on March 31, 1950, yet, in our opinion, such possession lacks the hostile and adverse character required to ripen into a title by prescription. On October 31, 1929, Maggie Reed recognized the interest of Sarah Elizabeth Cook when the parties both joined in an extension of the mortgage indebtedness. The later extension of this indebtedness in 1934, after the death of Sarah Elizabeth Cook, was not of such a character as to constitute an ouster of her heirs. As administratrix Maggie Reed was entitled to possession of the property and as such administratrix it was her duty to pay the taxes, discharge the mortgage indebtedness and otherwise supervise and manage the property.

That the possession of the administratrix could not be adverse to the heirs was held by this court in Gassin v. McJunkin, 173 Okla. 210, 48 P. 2d 320:

"Possession of lands by the executrix of decedent's estate is not to be taken as adverse to devisees or heirs at law entitled to take same on decree of distribution."

In the body of the same opinion we said:

"Decree of distribution of the estate of Andrew Gassin, Jr., was entered July 1, 1912, to which date May L. Gassin appears to have held possession of the lands as executrix of her deceased husband's estate. Such prior possession as she enjoyed as executrix would not be adverse or hostile to the rights of those entitled to participate in the estate."

The right of the administratrix to possession of the real property is statutory. 58 O. S. 1951 §251. Such possession remains with the administratrix until settlement or distribution. Seal v. Banes, 168 Okla. 550, 35 P. 2d 704; Nolan v. Mathis, 147 Okla. 155, 295 P. 801.

There is no evidence of any repudiation of the title of the defendants by Maggie Reed and no evidence of an assertion of title, by her except through such acts as the paying of taxes and exercising control over the property in the manner she was entitled to do as administratrix. To constitute the basis for adverse possession the entry upon the property must be accompanied by a claim of right, or after entry there must be a distinct denial or repudiation of the right of the true owner, or the possession will be deemed to be held in subordination to the rights of the owner. Morris v. Futischa, 194 Okla. 224, 148 P. 2d 986.

Where title is claimed by adverse possession the evidence of such possession for the full term of fifteen years must be clear, positive and convincing, every presumption being that possession is in subordination to the true owner. Powell v. Sandefur, 190 Okla. 54, 120 P. 2d 365; Reinhart & Donavan Co. v. Missouri R. Co., 187 Okla. 661, 105 P. 2d 541.

Since this case involves equitable principles and the judgment of the trial court, holding the title to the defendants has been lost by operation of the statute of limitations, is clearly against the weight of the evidence, this court will reverse the judgment and render or cause to be rendered such judgment as the trial court should have rendered. Harjo v. Johnston, 187 Okla. 561, 104 P. 2d 985; and In re Ho-Tah-Moie's Estate, 200 Okla. 532, 198 P. 2d 638.

The judgment is reversed and the cause remanded, with directions to the trial court to enter judgment in favor of the defendants quieting their title in

and to an undivided one-half interest in the two tracts of land.

This court acknowledges the services of Attorneys Fred E. Suits, James H. Ross, and Roger L. Stephens, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.

ARNOLD, C.J., HALLEY V.C.J., and CORN, GIBSON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.