**WELCH et al. v. LANGLEY.**

No. 35825.

Supreme Court of Oklahoma.

Nov. 17, 1953.

Rehearing Denied Dec. 22, 1953.

Allan Andrews, C. C. Elrod, Siloam Springs, Ark., for plaintiffs in error.

Hugh M. Sandlin, Holdenville, for defendant in error.

O'NEAL, Justice.

Nay Welch and Susie Welch, plaintiffs in the trial court, on December 8, 1951, obtained a judgment by default against K.

L. Langley and others, quieting plaintiffs' title to a tract of land of approximately seven acres, described in the petition. In that action the defendant, K. L. Langley, was personally served with summons, the remaining defendants were served by publication notice. Thereafter, the judgment was vacated as to the defendant, K. L. Langley.

The judgment of December 8, 1951, was based upon allegations in plaintiffs' amended petition wherein they pleaded that they acquired title to the land by a warranty deed dated June 15, 1931, from Yell C. Ward, which deed was recorded on June 8, 1935; that plaintiffs had been in the open, adverse, hostile and peaceable possession of the land for more than fifteen years prior to the filing of the present action.

Plaintiffs further pleaded that on April 30, 1949, they obtained a judgment in another action in the District Court of Adair County, Oklahoma, against Bessie B. Testerman, the Board of County Commissioners of Adair County, Oklahoma and R. L. Pulliam in Cause No. 6221, wherein the court cancelled a tax deed, dated March 3, 1941, wherein Adair County attempted to convey said tract of land to R. L. Pulliam; that said judgment was not appealed and, therefore, became a final judgment.

It was further alleged that prior to the filing of said suit and rendition of said judgment in Cause No. 6221, said R. L. Pulliam and wife, conveyed said land by quitclaim deed to K. L. Langley, the defendant in the present action, and that said conveyance was champertous.

Plaintiffs prayed for a judgment against the defendants adjudging plaintiffs to be the legal owners of the land and defendants be decreed to have no interest therein, and that all deeds of record adversely affecting the land be cancelled, and that plaintiffs' title be quieted and confirmed.

By Separate Answer, K. L. Langley alleged that plaintiffs had no title or interest in the land and, therefore, could not maintain the present action, and that plaintiffs' purported cause of action was barred by the Statute of Limitations.

Defendant further pleaded that R. L. Pulliam obtained a tax deed to the land on March 3, 1941, from the County Treasurer of Adair County, Oklahoma, and that on May 12, 1944, R. L. Pulliam and wife conveyed the land to this answering defendant. Upon these allegations defendant prays that the title to the land be quieted in her.

The trial court found the issues generally in favor of the defendant, and specifically found that plaintiffs had not been in the visible, continuous and exclusive possession of the land described under a claim of ownership for a period of fifteen years prior to the bringing of the present action.

After a careful reading of the entire record we are of the opinion that the court erred in rendering judgment for the defendant.

The facts are these: The plaintiffs, Nay Welch and Susie Welch, husband and wife, for several years prior to 1931, were living with Susie's father, Yell C. Ward in Mr. Ward's home located upon approximately 200 acres of land described in plaintiffs' petition. In 1931, Yell C. Ward executed a deed conveying to Susie Ward, all of said described land, less certain described parcels of land specifically reserved as having theretofore been conveyed to others; one of said reserved tracts, consisting of approximately seven acres, was excepted from the conveyance as having been theretofore conveyed in 1915 to Frank W. Youree. This particular seven-acre tract was completely surrounded by land owned and occupied by the plaintiffs. Frank W. Youree had acquired title to the seven-acre tract of land from Yell C. Ward in the year 1915, intending to operate a limekiln on the land. He negotiated with a railroad company to construct a spur track to a proposed site upon the land. These negotiations were not consummated and in 1931, Youree advised plaintiffs that he had no further use of the seven-acre tract and they could have it. Thereupon plaintiffs took possession of the tract and placed a hog wire fence around it. As to whether the entire tract of land was fenced during all years subsequent to 1931, was a controversial issue in the case.

Plaintiffs testified that they constructed a hog wire fence around the tract and maintained hogs and cattle in the inclosure. A County Commissioner of Adair County, testified that he was on the land in 1946 and 1949, and that the tract was fenced on the south side but that he did not go to the north to see if it was fenced or open.

Mrs. Bowen, living within a mile of the land, testified that plaintiffs were her neighbors for more than sixteen years, and that the tract was inclosed by a fence which was still in evidence a month before the trial.

W. H. Langley, the husband of the defendant, K. L. Langley, testified that he was near the tracts some four years prior to the trial and that he did not observe any fence completely surrounding the tract in question. So far as this evidence is material, we think it discloses that during a period of more than fifteen years prior to the filing of the present action, plaintiffs used and occupied this seven-acre tract of land exclusively as a part of their entire farm land consisting of 200 acres.

Plaintiffs produced tax receipts indicating that Yell C. Ward and Mrs. Nancy Welch and Nay Welch paid the taxes upon the land during the years 1933 to 1942, inclusive. W. H. Langley produced tax receipts indicating that the defendant paid taxes on this seven-acre tract for the years 1942, 1945, 1946, 1947 and 1949. The plaintiff, Nay Welch, testified that he rendered the entire 200 acre farm (which included the 7 acre tract) each year to the County Assessor for the assessment of taxation, and was under the belief that he paid all of the taxes due upon the land. It is apparent that for some years double payments were made of taxes assessed covering the seven-acre tract in question.

In explanation of why W. H. Langley, in behalf of the defendant, K. L. Langley, paid taxes on the tract for the year prior to 1944, the year he obtained the quitclaim deed from R. L. Pulliam, he testified that he had contemplated buying the land from Pulliam for some years before the Pulliam deed was executed. After he received the deed from Pulliam he did not record it until five years thereafter.

The evidence is without contradiction that Pulliam never occupied the land or was seen upon it during the fifteen year period prior to the bringing of the present action. The defendant, K. L. Langley, never occupied the land either in person or by tenant. Her alleged occupancy and possession is based upon the testimony of W. H. Langley, that on one occasion he gave his verbal consent to a member of a local church to remove some rock from the land to be used in the construction of a foundation for a local church building. On another occasion he gave his verbal consent to a representative of the State Highway Department to remove some gravel from the land for use in a road construction project. In neither case did he demand or receive, in behalf of the defendant, any compensation for the rock or gravel. When the plaintiffs learned of the removal of the gravel they demanded pay therefor from the State Highway Department.

The record further discloses that on March 18, 1949, plaintiffs filed an action, No. 6221, in the District Court of Adair County against R. L. Pulliam, and others, to quiet title to plaintiffs' land, including the seven-acre tract here involved, and that thereafter on April 30, 1949, judgment was entered in said cause decreeing that the tax deed held by R. L. Pulliam was void, and a judgment was entered in favor of plaintiffs quieting title to the land against the named defendants.

As we view the record, plaintiffs' right to recovery must be limited to the rule of prescription, Title 60 O.S.1951 § 333, which reads:

"Occupancy for the period prescribed by civil procedure, or any law of this State as sufficient to bar an action for the recovery of the property, confers a title thereto, denominated a title by prescription, which is sufficient against all."

Also, under Title 12 O.S.1951 § 93, subdivision 4, which reads:

"An action for the recovery of real property not hereinbefore provided for, within fifteen (15) years."

The proof sustains plaintiffs' contention that they were in the open, visible,

continuous and exclusive possession of this seven-acre tract of land from and after the year 1931 to the commencement of the present suit in 1949. Therefore, they are entitled to a decree quieting their title to said land. The evidence further sustains plaintiffs' contention that R. L. Pulliam, the grantor in the deed to the defendant, K. L. Langley, was not in possession of this land, either in person or by tenant during the period of prescription. Furthermore, the judgment in Cause No. 6221, Nay Welch and Susie Welch v. the County Treasurer, the Board of County Commissioners and R. L. Pulliam, decreed that the tax deed issued to R. L. Pulliam was void and the same was cancelled of record; therefore, R. L. Pulliam's deed to K. L. Langley, although executed prior to the time of the entry of the decree, did not in fact convey any title to K. L. Langley, nor do we think that the testimony of W. H. Langley, heretofore referred to, is of sufficient weight to establish any adverse possession of the tract of land against these plaintiffs. We hold that plaintiffs have sustained the burden of proof that their title is paramount to the claim of the defendant, K. L. Langley. It is not necessary that plaintiffs have title paramount to all others, but they must at least have some interest in title and that interest must be paramount to the claim of their adversary. Moore v. Barker, 186 Okl. 312, 97 P.2d 776.

The evidence does not disclose that the defendant, K. L. Langley, or her husband, W. H. Langley, made any inquiry of plaintiffs as to their right of possession of this tract of land at the time they procured a deed therefor from R. L. Pulliam.

In the case of James v. Union Graded School Dist. No. 2 of Muskogee County, 201 Okl. 573, 207 P.2d 241, 242, this court held:

"Possession of real property carries with it the presumption of ownership, and it is the duty of those purchasing such property from others than those in possession to ascertain the extent of their claims, and the open, actual possession of such property gives notice to the world of just such interest as the possessor actually has therein."

See, also, Liles v. Smith, 206 Okl. 458, 244 P.2d 582.

Lastly, plaintiffs contend that a deed executed by a grantor who has been out of possession or has not received rents or profits for one year is void under the Champerty Statute.

Title 21 O.S.1951 § 548, provides, in part:

"Any person who buys or sells, or in any manner procures, or makes or takes any promise or covenant to convey any pretended right or title to any lands or tenements, unless the grantor thereof, or the person making such promise or covenant has been in possession * * of the same, or of the reversion and remainder thereof, or have taken the rents and profits thereof for the space of one year before such grant, conveyance, sale promise, or covenant made, is guilty of a misdemeanor. * * *"

A true statement of the rule is that any person who conveyed land not then being in possession thereof, or not having taken rents or profits therefrom for the space of one year, is void as against the party in adverse possession and his privies.

The conveyance by Pulliam to K. L. Langley as between that grantor and grantee could not affect any right, title or interest of the plaintiffs in possession of the land for the express reason that such a conveyance is void under the Champerty Statute. Huston v. Scott, 20 Okl. 142, 94 P. 512, 35 L.R.A.,N.S., 721; Powers v. Van Dyke, 27 Okl. 27, 111 P. 939, 36 L.R.A., N.S., 96; Johnson v. Myers, 32 Okl. 421, 122 P. 713.

We are of the opinion, and so hold, that plaintiffs have sustained by a preponderance of the evidence the allegations of their petition, and that therefore the case should be and it is hereby reversed, with instructions to render judgment for the plaintiffs as prayed for.

HALLEY, C. J., and CORN, WILLIAMS and BLACKBIRD, JJ., concur.