WILCOX v. WICKIZER.

No. 35797.

Supreme Court of Oklahoma.

Feb. 2, 1954.

Calvin W. Hendrickson, Oklahoma City, for plaintiff in error.

M. A. Cox, Chandler, for defendant in error.

O'NEAL, Justice.

This is a proceeding of equitable cognizance wherein plaintiff below, Nancie B. Wickizer, brought a suit against the defendant, C. E. Wilcox, and others, to quiet title in and to the following described property:

"The South Half of the Northeast Quarter (S½ NE¼) of Section Six (6), Township Fifteen (15) North, Range Three (3) East I. M., Lincoln County, Oklahoma."

From the judgment rendered in favor of the plaintiff quieting her title in the described land against the named defendants, the defendant, C. E. Wilcox, alone appeals.

The plaintiff alleged that on the 18th day of November, 1950, she acquired ownership and possession of said land under a deed of conveyance executed by the then record owners of the land who were then in the exclusive possession thereof.

Harrie B. Howard acquired title to said land by purchase on December 4, 1911. He died on April 11, 1928, intestate; his estate was probated in Cause No. 5429 in the County Court of Lincoln County, Oklahoma. The court found that the sole heirs of Harrie B. Howard were the following: Bessie E. Howard, widow, James B. Howard, son, Percy Howard, son, Althea Walker, daughter, Hartley Howard, son, and Bertha Wadman, daughter.

A decree was entered on October 11, 1944, finding that the above named persons were his sole heirs and entitled to inherit the West 50 acres and an undivided one-third interest in the East 30 acres of said described land.

Bessie E. Howard, the widow of Harrie B. Howard, deceased, died on November 30, 1943, intestate, and by the decree of the County Court of Lincoln County, Oklahoma, in Cause No. 5392, the above named sons and daughters of Harrie B. Howard and Bessie E. Howard were decreed to be the sole heirs of Bessie E. Howard, and entitled to inherit an undivided one-third interest in the West 50 acres and an undivided one-third interest in the undivided one-third interest in the East 30 acres of said described land. The plaintiff's title flows from a quitclaim deed executed on the 18th day of November, 1950, by the above named heirs of Harrie B. Howard and Bessie E. Howard, in which deed their respective husband or wife joined, and which deed covers the South Half of the Northeast Quarter (S½ NE¼) of Section Six (6), Township Fifteen (15) North, Range Three (3) East I. M., Lincoln County, Oklahoma.

All named defendants, other than the defendant, C. E. Wilcox, were declared to be in default for want of answers and judgment was rendered quieting plaintiff's title as against said defaulting defendants. The defendant, C. E. Wilcox, filed an answer herein; he denied plaintiff was the owner of the land involved in the deed of November 18, 1950, and denied that she acquired title to said land under the quitclaim deed alleged; denied that Harrie B. Howard was the owner of the land at the time of his death, and that the title to the land upon his death vested in his heirs, and denied that Bessie E. Howard owned an undivided one-third interest in the land.

In the chain of title set forth in plaintiff's petition it was alleged that there appeared of record an instrument purporting to be a contract, dated December 1, 1911, executed by Harrie B. Howard with the defendant, C. E. Wilcox, and the defaulting defendant, J. W. Austen, which agreement was recorded on May 3, 1928; that said agreement was not acknowledged and was not subject to be recorded. Moreover, that the land therein described covered the South Half of the *Southwest* Quarter (S½ SW¼) of Section Six (6), Township Fif-

teen (15) North, Range Three (3) East I. M., Lincoln County, Oklahoma, and not the South Half of the Northeast Quarter (S½ NE¼) of said described land, and that said agreement was void for want of consideration, and was never performed by the parties by the appointment of a trustee as therein provided, and that the purported trustee had no power or authority to transfer or convey any interest in and to the land involved.

To the preceding paragraph of plaintiff's petition, defendant, C. E. Wilcox, denied said agreement was null and void.

Plaintiff prayed that her title be quieted and that certain instruments of record referred to as Exhibit A to F, both inclusive, be decreed null and void and cancelled of record; and that all named defendants be decreed to have no right, title or interest in and to the land conveyed under the deed of November 18, 1950.

Exhibit A referred to is an Agreement, dated December 1, 1911, and filed in the Misc. records on May 3, 1928, which instrument was executed by Harrie B. Howard and the defendant, C. E. Wilcox, and J. W. Austen. The land therein referred to is described as the South Half of the Southwest Quarter (S½ SW¼) and not the South Half of the Northeast Quarter (S½ NE¼) of the land here involved. Under that Agreement the parties agreed to plat 50 acres of the South Half of the Southwest Quarter (S½ SW¼) into oil lots and offer the lots for sale, and that the proceeds thereof would be employed in drilling a test well for oil or gas upon some portion of the 50 acre tract described. The defendant, J. W. Austen was to act as trustee to execute the conveyances covering the designated oil lots as shown by a plat thereof on record with the County Clerk of Lincoln County, Oklahoma.

The evidence of the County Clerk discloses that no oil plat was filed by the parties as contemplated by the Agreement. The evidence of the County Treasurer discloses that from 1929 to 1941, inclusive, the Howard family paid the taxes upon said 80 acre tract of land. The evidence does not disclose who paid the taxes on the land for years prior to the year 1929.

Mr. Deer testified that he has lived in Carney, Oklahoma continuously for the past fifty-seven years; that the 80 acre tract of land lies adjacent to the town of Carney, Oklahoma; that since 1911, Harrie B. Howard and his wife, Bessie E. Howard, and their sons and daughters, have been in the physical possession of the land, receiving the rents and profits therefrom; that in the years 1911 and 1912, Harrie B. Howard and C. E. Wilcox and J. W. Austen entered into a scheme or plan to sell oil lots out of the West 50 acres of said land and drill an oil well thereon. The plan was not carried out and the defendant, Wilcox, left Carney in 1912, and that Wilcox was never in possession or control of the land; that for the past twenty years the Howards had used the land as a cow pasture.

At the close of plaintiff's evidence defendant interposed a demurrer which the court overruled. Defendant Wilcox asserts that the ruling was erroneous and warrants a reversal of the cause. The defendant, C. E. Wilcox, did not testify at the trial in person or by deposition. At the close of plaintiff's testimony defendant Wilcox, by counsel, asked leave to file an amended answer. The record does not disclose the nature or contents of the proposed amendment, other than counsel's statement that "I would like to amend the answer, that we be granted clear title which the record shows is vested in him." (presumably meaning the defendant, Wilcox). The leave to amend being denied, defendant offered in evidence deed from Harrie B. Howard and Bessie E. Howard, dated the 29th day of December, 1911, to J. W. Austen. This deed refers to the West 50 acres of the South Half of the Northeast Quarter (S½ NE¼) of Section Six (6), Township Fifteen (15), North, Range Three (3) East to be held in trust by J. W. Austen according to the terms of the contract of December 1, 1911, referred to, supra.

Defendant also introduced in evidence a deed dated October 19, 1944, wherein James B. Howard conveyed to Percy Howard and Althea Walker, his brother and sister, all of his right, title and interest in and to the

West 50 acres, and an interest in an undivided one-third interest in the East 30 acres of said described land.

We find no error in the court's order overruling defendant's demurrer to plaintiff's evidence in chief. This for the reason that plaintiff produced evidence that she had acquired some right, title and interest in the land described in the deed executed by the Howard heirs to her under date of November 18, 1950. On that date she acquired by deed all the right, title and interest then owned by said heirs; however, that interest was subject to an outstanding interest in the defendant Wilcox as we shall point out, infra.

The decree in the Harrie B. Howard estate disclosed that he was vested with title in the West 50 acres and the undivided one-third interest in the East 30 acres in said 80 acre tract of land, and that interest descended to and was vested in the five children, each inheriting an undivided two-fifteenths interest, and his widow, Bessie E. Howard, an undivided one-third interest.

The decree in the Bessie E. Howard estate discloses that she died intestate vested with an undivided one-third interest in the West 50 acres and an undivided one-third interest in the undivided one-third interest in the East 30 acres of said 80 acre tract, and each of her sons and daughters were decreed to own an undivided one-fifth interest in said land.

These decrees were entered on October 11, 1944. On October 19, 1944, as evidenced by defendant's Exhibit 9, James B. Howard deeded all of his right, title and interest in said land to his brother and sister, Percy and Althea. Thereafter all the heirs of Harrie B. Howard and Bessie E. Howard joined in the quitclaim deed (dated November 18, 1950) which purported to convey all their right, title and interest in said 80 acre tract to the plaintiff.

Clearly, plaintiff's proof supports the general finding that she had established a right, title and interest in the land which had theretofore passed to the named heirs of Harrie B. Howard and Bessie E. Howard; however, as seen by the decree, the interest in Harrie B. Howard at the time of his death was limited to the West 50 acres and an undivided one-third interest in the East 30 acres of said land, and in the Bessie E. Howard estate the decree limited her interest in said land to an undivided one-third interest in the West 50 acres and an undivided one-third interest in an undivided one-third interest in the East 30 acres of said land; therefore, the heirs of Harrie B. Howard and Bessie E. Howard, the grantors in the deed executed by them to plaintiff under date of November 18, 1950, conveyed no greater title than thus inherited by them.

■ Plaintiff introduced Exhibit 8 purporting to be a deed dated December 29, 1911, from Harrie B. Howard and Bessie E. Howard, conveying to J. W. Austen, the West 50 acres of said described land; that deed was cancelled by the decree of the court below as against the defaulting defendants, J. W. Austen and others. As part of plaintiff's testimony in chief she introduced deed of March 14, 1912, executed by Harrie B. Howard and Bessie E. Howard to C. E. Wilcox and J. W. Austen, conveying an undivided two-thirds interest in the East 30 acres of the land described; that deed was recorded long prior to the decrees entered in the probate court of Lincoln County, Oklahoma, above referred to; that there was an outstanding interest in the defendant Wilcox, is fully disclosed by the decrees in said estates. Plaintiff, however, asserts this deed was void for want of consideration. As search of the record fails to disclose proof in support of that allegation. The legal presumption is that it is supported by a valuable consideration. When plaintiff pleaded this conveyance and made proof thereof by the record, it was not subject to cancellation, or absence of proof that it was void for want of consideration. Therefore, Harrie B. Howard and Bessie E. Howard and their five children were tenants in common with C. E. Wilcox.

■ In Morris v. Futischa, 194 Okl. 224, 148 P.2d 986, this rule is stated as follows:

"Mere naked possession or occupancy of the premises, no matter how long, without a claim of right or color of title, cannot ripen into a good title, but

must always be regarded as being an occupancy for the use and benefit of the true owner. To constitute the basis for adverse possession, the entry upon the property must be accompanied by a claim of right, or after entry, there must be a distinct denial or repudiation of the right of a co-tenant."

See also Wade v. Crouch, 14 Okl. 593, 78 P. 91; Flesher v. Callahan, 32 Okl. 283, 122 P. 489; Honeyman v. Andrew et ux., 124 Okl. 18, 253 P. 489.

■ As far as this record casts any light upon the matter, Harrie B. Howard and Bessie E. Howard never challenged the right, title or interest of the defendant, Wilcox, under his deed. The decrees in their respective probative causes limit their ownership in the 30 acre tract of land as therein set forth. Plaintiff asserts however that in any event she is entitled to the decree rendered below on the theory of adverse possession. Suffice it to say she neither alleged nor made proof to support the contention. The doctrine of adverse possession is to be taken strictly. Such a possession is not to be made out by inference, but by clear and positive proof. Every presumption is in favor of possession in subordination to the title of the true owner.

In Coats v. Riley, 154 Okl. 291, 7 P.2d 644, 646, we held:

"The mere possession of a tenant in common, no matter how full and complete, does not operate as an ouster of his cotenant, or amount to adverse possession as against the claim of his cotenant. There must be something to show a denial or repudiation of his cotenant's rights, or the possession will be deemed to be held in subordination to the rights of the cotenant."

See also Russell v. Davidson, 200 Okl. 408, 194 P.2d 887.

■ The judgment in favor of the plaintiff quieting title to the South Half of the Northeast Quarter (S½ NE¼) of Section Six (6), Township Fifteen (15) North, Range Three (3) East I. M., Lincoln County, Oklahoma, is affirmed with the follow-

ing exception: The right, title and interest of the defendant, C. E. Wilcox, to an undivided one-half interest in and to an undivided two-thirds interest in the East 30 acres of the South Half of the Northeast Quarter (S½ NE¼) of Section Six (6), Township Fifteen (15) North, Range Three (3) East I. M. Lincoln County, Oklahoma, is quieted in said C. E. Wilcox.

The trial court is directed to enter judgment in conformity with this opinion.

Affirmed as modified.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, DAVISON, ARNOLD, WILLIAMS and BLACKBIRD, JJ., concur.