Charlotte Taylor MOORE, nee Chapman, The Heirs, Executors, Administrators, Devisees, Trustees and Assigns, Immediate and Remote, known or unknown of E. W. Chapman and Edward Estes Chapman, both deceased; State of Oklahoma ex rel. Oklahoma Tax Commission; Don Goodison and Nell Goodison, Plaintiffs in Error,

v.

Lucille Probst CHAPMAN, Defendant in Error.

No. 38409.

Supreme Court of Oklahoma.

Oct. 13, 1959.

T. Austin Gavin, Tulsa, for plaintiffs in error.

Dyer, Powers & Gotcher, Tulsa, for defendant in error.

WELCH, Justice.

This is an action to quiet title in the plaintiff to the West 6.75 feet of Lot 17, Block 2, Federal Heights Addition to the City of Tulsa, along with other tracts.

Defendants have appealed from a judgment of the Court of Common Pleas of Tulsa County in favor of plaintiff.

The only question presented here for our determination is whether the trial court committed error in adjudging that plaintiff acquired title to the above described property by prescription.

■ It is revealed by the record that the defendants were the title owners of the above described property at the time of the trial, and had been for many years prior thereto. However, there were buildings on the adjoining lot which encroached upon said property, and said buildings had been so constructed more than fifteen (15) years

prior to the filing of this action. The plaintiff's testimony reveals she did not know that the buildings were on the property of defendants until about 1946, which would be less than fifteen (15) years prior to filing said action.

The defendants contend that since neither the plaintiff nor her predecessor in title knew that their buildings encroached upon the property of the defendants, and that the defendants knew such fact existed, but did not object, this constituted consent to the use of said property, and therefore statute of limitations were not applicable. In support of this contention defendants cite Cook v. Craft, 207 Okl. 125, 248 P.2d 236; Wilcox v. Wickizer, Okl., 266 P.2d 638; Morris v. Futischa, 194 Okl. 224, 148 P.2d 986; Cox v. Kelley, Okl., 295 P.2d 1061; Liles v. Smith, 206 Okl. 458, 244 P.2d 582; Kimble v. Allen, Okl., 298 P.2d 1042; Walthers v. Tanner, 204 Okl. 598, 233 P.2d 303, and Friend v. Holcombe, 196 Okl. 111, 162 P.2d 1008.

The court held in Walthers v. Tanner, supra [204 Okl. 598, 233 P.2d 304]:

> "When a person builds a fence on what he thinks is the boundary line between his and his neighbor's land and cultivates the land enclosed by the fence and occupies the land actually, openly, notoriously, exclusively and hostilely for fifteen years, the fence will be adjudged to be the boundary between the properties."

As we analyze them the above cases cited by defendants which discuss or deal with the question here involved more nearly support the judgment of the trial court than oppose it.

In the case of Johnson v. Whelan, 186 Okl. 511, 98 P.2d 1103, 1104, we held:

> "Where the owner of a town lot, in ignorance of the true boundary between his lot and the adjoining lot of another party, and under the mistaken belief that it is his property, encroaches on a portion of the adjoining lot and erects a part of the structure thereon, and occupies such portion of said lot and maintains such structure thereon, openly, peaceably, and exclusively for more than 15 years, he acquires title to such portion of adjoining lot by prescription, sufficient against all."

Also see Kelly v. Choate, 192 Okl. 397, 136 P.2d 885; Liles v. Smith, supra, and Buckner v. Russell, Okl., 331 P.2d 401.

█ In an action of equitable cognizance the judgment of the trial court will not be disturbed unless it is against the clear weight of evidence. Liles v. Smith, supra.

We are therefore of the opinion, and so hold, that the judgment of the trial court should be, and the same is affirmed.