INDEPENDENT SCHOOL DISTRICT NO. 40, NOWATA COUNTY, Oklahoma, Plaintiff in Error,

v.

Robert F. ALLEN and Lorraine P. Allen, his wife, and A. R. Pierce and Consuela Pierce, his wife, Defendants in Error.

No. 41652.

Supreme Court of Oklahoma.

Oct. 8, 1968.

Chappell & Maddux, Nowata, Allan H. Stocker, Bartlesville, for plaintiff in error.

Garrison, Preston, Preston & Brown, Bartlesville, for defendants in error.

DAVISON, Justice.

The parties occupy the same relative positions as in the trial court. The action was originally brought by School District No. 42, Nowata County, against Robert F. Allen and Lorraine P. Allen (his wife) and A. R. Pierce and Consuela Pierce (his wife). The plaintiff in error Independent School District No. 40 acquired all of the assets and property of the original plaintiff, School District No. 42, after judgment in the lower court, and was substituted as plaintiff in the action. We will refer to the parties by their trial court designation or by name with the understanding that our use of the term "plaintiff" means the original plaintiff School District No. 42.

Plaintiff in error appeals from a judgment decreeing that the Allens were the owners of the fee title to the North Half (N½) of the Northwest Quarter (NW¼) of Section 25, Township 26 North, Range 14 East, Nowata County, Oklahoma, subject only to the permissive right of the plaintiff to use the Southwest One Acre thereof for the purposes of conducting and operating a school thereon. The judgment further provided that when the one acre was no longer used for such purposes, all of plaintiff's right, title and interest therein would terminate, and plaintiff would be entitled to remove the improvements located thereon.

Plaintiff filed this action to quiet title to the one acre tract, alleging no deed appeared of record conveying the property to plaintiff, but that it had acquired title thereto by adverse possession for more than 15 years and in fact since 1908, and that in 1962 the Allens had purchased the property from the Pierces and had executed a

mortgage to the Pierces. The Allens answered, admitting plaintiff had used the one acre tract for school purposes for more than 15 years, but that plaintiff's use had always been permissive for school purposes only, and that there had been no deviation from such permissive use which would constitute adverse possession by the plaintiff.

Trial was had to the court without a jury and resulted in the above described judgment.

Plaintiff in error contends that when the plaintiff school district had been in possession of the one acre tract for more than 50 years, using the same for school and social activities, the presumption was that the plaintiff acquired title by adverse possession, and that the burden was upon the defendant record owners to prove their assertion that the plaintiff had only a license to use the property for school purposes.

A further contention is made that the judgment is clearly against the weight of the evidence.

The record reflects that Pierce was a Cherokee Indian of $\frac{1}{32}$ degree blood, born in 1899, and received the North Half of the Northwest Quarter as his Indian allotment by allotment deed dated in 1909 and recorded in 1920; that in 1908 plaintiff held an election and voted school bonds in the amount of $1000 to purchase a school house, including a site and materials for erecting and furnishing the school house, and in 1909 (when Pierce was about 9 years old) plaintiff constructed a frame school house on the one acre tract and continuously thereafter used it for school and other social activities; and that no deed to plaintiff appears of record, nor was there any showing of any proceedings to purchase and acquire a deed from the then minor Pierce. The record reflects that in 1920 Pierce deeded the entire 80 acres (N½ NW¼) to his mother and she conveyed the 80 acres back to him in June, 1923; that in September 1924, Pierce again deeded the entire 80 acre tract to his mother and she reconveyed the 80 acres to him in August, 1925;

that Pierce and his mother had executed mortgages on the 80 acres; and that in 1962 Pierce sold the entire 80 acres to his nephew Allen. The record further reflects that the entire 80 acres was leased for oil and gas by the guardian of Pierce, a minor, in January, 1909, and by Pierce in 1920 and 1953. Two wells were drilled in 1920 or 1921 at locations outside of the one acre tract and production was had for about 10 years, and later there was production for an undisclosed period of time. All of the royalty share of the production from the entire 80 acres was received by Pierce or his mother. Allen and his predecessor in the chain of title paid all of the taxes on the entire 80 acre tract.

Plaintiff's evidence established the voting of the school bonds, the existence of the school house and a three room structure which was used as a lunch room, and the use of the one acre for school purposes. Plaintiff introduced in evidence its Annual Report for the school year ending June 30, 1909, showing it expended for sites, buildings and furniture the sum of $828, and that it erected 1 school house at a cost of $803, that the total value of the school house was $803 and the value of all other property was $25. Opposite "Condition of School House Grounds" was written "Bought & paid for." Plaintiff also introduced in evidence reports found in the office of the county superintendent of schools for the years 1909 and 1910, which apparently embraced all school districts in the county. These latter reports show plaintiff had used wood material to erect 1 school house at a cost of $1000 and that it had a value of $1000.

Pierce testified for the defendants that he was about 9 years old when the school house was erected and had attended school there, that he had never given a deed to plaintiff, and that plaintiff had never done anything that would indicate to him that it was claiming it was the legal owner of the fee simple title to the one acre tract. Pierce testified that about 1924 a member of the school board approached him with a

proposition to sell the one acre to the plaintiff and that he (Pierce) stated there was "oil on it now" and he would sell it for $1500, and the board member replied "we have no money," and he (Pierce) stated he would give the right to use the land so long as a school was kept there and would give "a paper on that," but none was ever made.

Pierce further testified in plaintiff's cross-examination of him that he had no personal knowledge of how (originally) the plaintiff "got there;" that "I know that they went to ask my father and he give them a permit. No deed. Just a permit," and his father told him this, and the permit was oral and his father was not paid anything for the permit; that his father told him "I give a permit to build a school house;" that his father told him "Whenever you get to be 21 if you want to give them a title or if they want to buy it from you;" and that he (Pierce) just let it go on "The way it had been going."

Pierce's father died about a year before the trial and could not be used as a witness. Plaintiff's action to quiet title was filed after Allen listed the 80 acres for sale and prospective purchasers came on the property to make an inspection.

Under the pleadings and evidence the Allens concede the plaintiff had the permissive use of the one acre tract for the above described purposes. Plaintiff claims the entire title by adverse possession (60 O.S. 1961, § 333) for the prescriptive period of 15 years (12 O.S.1961, § 93).

Plaintiff cites and relies upon Liles v. Smith, 206 Okl. 458, 244 P.2d 582, as authority for its position that the evidence of its possession and use of the acre tract for more than 15 years is sufficient to sustain its claim to ownership of the fee title by adverse possession. Therein we stated:

"The placing of a permanent school building and other necessary appendages on the land of another, and conducting school and social functions thereon is evidence of adverse and hostile possession under which title may be claimed after fifteen years. * * *"

Plaintiff also cites Liles v. Smith, supra, for the proposition that where the record owner contends the school district originally went upon the land only by reason of the expressed permission of the then owner, the burden is upon the record owner to establish such contention.

The Allens do not dispute the quoted statement of law, relative to the effect of the described acts by a school district, and admit the burden was on them to establish permissive use by the plaintiff, but urge the evidence is sufficient to show only permissive use by the plaintiff and to sustain the judgment.

■ The law is settled that title by prescription cannot be based on permissive possession.

In 2 C.J.S. Adverse Possession § 80a, p. 624, we find the following statement:

"The doctrine of prescription does not apply to cases in which possession is permissive, and title by prescription or limitation cannot be based upon a possession or use under permission or license from the owner. The possession of the occupant under such circumstances is considered as the possession of him upon whose pleasure it continues. It has been said that a contrary doctrine would convert the statute of limitations into a statute for the encouragement of fraud."

See also 3 Am.Jur.2d Adverse Possession § 36, pp. 121, 122.

In Herbert v. Forman, 198 Okl. 637, 181 P.2d 257, we held:

"The acceptance and continued use of land for school purposes under oral permission from the owner, and followed by occupancy of the land for more than forty years, does not, under the doctrine of adverse possession, afford the school district a title by prescription to mineral interest in the land such as may be conveyed by the school district."

And in Irion v. Nelson, 207 Okl. 243, 249 P.2d 107, 108, we stated:

"A mere permissive use of a way over the land of another, however long indulged in, will not ripen into an easement."

See also Jeffers v. Edge, Okl., 295 P.2d 787, 789; Caldwell v. Scivally, 118 Okl. 1, 246 P. 879; and Acton v. Culbertson, 38 Okl. 280, 132 P. 812.

The questions to be determined are whether the evidence sustains the conclusion of the lower court that the possession and use of the one acre tract by plaintiff was only permissive, and whether the judgment is clearly against the weight of the evidence.

In Melton v. Goodman, Okl., 317 P.2d 244, we quoted from Cook v. Craft, 207 Okl. 125, 248 P.2d 236, as follows:

" 'Mere naked possession or occupancy of premises, no matter how long, without a claim of right or color of title, cannot ripen into a good title, but must always be regarded as being an occupancy for the use and benefit of the true owner. To constitute the basis for adverse possession, the entry upon the property must be accompanied by a claim of right, or after entry, there must be a distinct denial or repudiation of the right of the true owner, or the possession will be deemed to be held in subordination to the rights of the owner.

" 'The party relying on a title by adverse possession has the burden of proving all the facts necessary to establish such a title. Adverse possession is to be taken strictly, and every presumption is in favor of a possession in subordination to the rightful owner. * * * ' "

In the present case the plaintiff entered into possession of the one acre tract in 1909 when the owner, Pierce, was a minor and incapable of legally conveying a title or an interest in real estate, except through his guardian by proper proceedings. The testimony is that Pierce's father gave plaintiff permission to occupy and use the tract for school purposes. The question of whether Pierce's father could, or could not legally do this is not an issue because the Allens concede the plaintiff had a permissive right to use the tract. It is apparent the plaintiff knew or should have known the condition of the title. It is equally apparent that the basis of plaintiff's possession and use of the tract was the permission given by Pierce's father. Under the above authorities this permissive possession could not be the basis for a title by prescription. There was no evidence that plaintiff ever denied or repudiated the title of Pierce, and thereby establish some ground for adverse possession. Pierce's acts in conveying and mortgaging the entire 80 acres and paying all the taxes thereon, and the act of Pierce and his mother in collecting the royalty share of the oil and gas production from the entire 80 acres were consistent with ownership of the fee in the entire 80 acres.

Plaintiff contends that Pierce's 1924 conversation with the member of the school board relative to the proposed purchase of the one acre tract by plaintiff and any admissions made by such person were not admissible against plaintiff. It appears that the ground for this contention is that the board member, as one member of the board, had no authority to make such offer and statements, and that they were not binding on plaintiff. We make no determination of this proposition. We think the other testimony and the circumstances reflected by the other evidence is sufficient to sustain the lower court's conclusion that plaintiff had only permissive possession of the one acre tract.

This is an action of equitable cognizance and in such case the Court on appeal will weigh the evidence, but will not reverse the judgment on the facts unless it is clearly against the weight of the evidence. Kouri v. Burnett, Okl., 415 P.2d 963.

It is our conclusion that the judgment is not clearly against the weight of the evidence.

Affirmed.

All the Justices concur.