2004 OK CIV APP 80

The CITY OF STIGLER, Oklahoma,
a Municipal Corporation,
Plaintiff/Appellee,

v.

Latresia CRUMLEY, Personal Represen-
tative of the Estate of David M. Hanke,
Deceased, Defendant/Appellee,

and

John Hanke, Heir of the Estate of
David M. Hanke, Deceased,
Intervenor/Appellant.

No. 99,220.

Court of Civil Appeals of Oklahoma,
Division No. 3.

May 28, 2004.

Certiorari Denied Sept. 27, 2004.

James W. Smith, Stigler, OK, for Plaintiff/Appellee, City of Stigler, Oklahoma.

Shannon Lee Denney, Stigler, OK, for Defendant/Appellee, Latresia Crumley.

Jeffrey M. Bonds, Bonds & Matthews Law Firm, P.L.L.C., Muskogee, OK, for Intervenor/Appellant.

Opinion by BAY MITCHELL, Presiding Judge.

¶ 1 David M. Hanke (decedent) died intestate on April 4, 2002 in Oklahoma County, Oklahoma. He was the record owner of certain real property in the City of Stigler, Oklahoma, in Haskell County. On June 6, 2002, Defendant/Appellee Latresia Crumley (Crumley), one of decedent's daughters, filed a "Petition for Letters of Administration, Appointment of Personal Representative and Determination of Heirs" in Haskell County District Court. On September 4, 2002, the trial court issued an order appointing Crumley personal representative of decedent's estate, and determining decedent's heirs to be his five children: Crumley, Cheryl Ann Molz, David E. Hanke, Jerry Hanke, and Intervenor/ Appellant John Hanke (Hanke).

¶ 2 On October 16, 2002, Plaintiff/Appellee the City of Stigler, desiring to use the eighty acres decedent owned in Haskell County to expand the size of its airport, filed a petition for condemnation with the trial court. The City sent notice of the condemnation to Crumley as personal representative of decedent's estate and to her lawyer, Shannon Lee Denney. It did not send notice to any of decedent's four other children. On December 10, 2002, the trial court entered an order confirming the condemnation of the real property and issuing a writ of assistance.

¶ 3 Hanke filed an "Application to Intervene as Mandatory Party and Motion to Set Aside and Vacate Condemnation and Brief in Support" on January 16, 2003. In it, Hanke argued the City's failure to notify the four heirs other than Crumley of the condemnation proceeding resulted in a denial of their due process rights. He further insisted the condemnation proceeding was void due to fraud or irregularity because Crumley's attorney and the attorney for the City of Stigler share the same business address. After a hearing on April 2, 2003, the trial court denied Hanke's application to intervene, overruled his motion to set aside and vacate the condemnation, and denied his oral motion to stay the writ of assistance during appeal. The trial court filed an order memorializing its decisions on April 9, 2003. Hanke appeals from that order. We affirm.

¶ 4 Title 11 O.S.2001 § 22–104 of the Oklahoma Statutes grants every municipality the right to "acquire, own, and maintain, within or without its corporate limits, real estate for sites and rights-of-way for any municipal purpose including ... airports" and to "exercise the right of eminent domain for any municipal purpose...." 11 O.S.2001 § 22–104(2) and (3). In its acquisition of property through eminent domain, "the municipality shall proceed in the manner now provided by law for the exercise of the right of eminent domain by railroad corporations in this state." 3 O.S.2001 § 65.3.

¶ 5 Upon application of a railroad corporation to exercise eminent domain over real property in Oklahoma, a district judge must appoint a three-member commission to assess just compensation. 66 O.S.2001 § 53(A). The railroad then must give notice of the proposed taking to the condemnee "by personal service or by leaving a copy of the notice at the condemnee's place of residence with some member of his family over fifteen (15) years of age...." 66 O.S.2001 § 53(B). Notice by publication is appropriate only where (1) the condemnee resides out of state or has left the state with intent to avoid service of notice; (2) the condemnor and his attorney "upon diligent inquiry" are unable to ascertain the condemnee's whereabouts; or (3) the condemnee is an "unknown heir, successor, or assign" of one who possessed title to the property. *Id.* Within ten days after the commissioners file their report, "the

court clerk shall forward to the attorney of record for the condemnor, the attorney of record for each condemnee, and to all unrepresented condemnees, a copy of the commissioners' report and a notice stating the time limits for filing an exception or demand for jury trial...." 66 O.S.2001 § 55(B).

■ ¶ 6 Crumley, as personal representative of the decedent's estate, has the exclusive right to possess and manage the real property in the estate until final settlement or distribution.[1] 58 O.S. § 251; *see Cook v. Craft*, 1952 OK 289, 248 P.2d 236; *In re Gentry's Estate*, 1932 OK 539, 13 P.2d 156. In addition, it is the personal representative who may sue and be sued on behalf of the estate:

Actions for the recovery of any property, real or personal, or for the possession thereof, and all actions founded upon contracts, may be maintained by and against executors and administrators in all cases and in the same courts in which the same might have been maintained by or against their respective testators and intestates.

58 O.S.2001 § 252; *see Jameson v. Goodwin*, 1914 OK 296, 141 P. 767. Thus, in the City's condemnation proceeding against decedent's estate, Crumley stood in the position of condemnee, just as the decedent would have were he still living. Accordingly, it was to Crumley that the City owed notice of the proceedings, and it was to Crumley the City gave notice.

■ ¶ 7 The fact that the probate division of the district court previously had designated the heirs of decedent's estate does not change this result. When Crumley filed her petition seeking appointment as personal representative of decedent's intestate estate, she also requested the trial court determine the identity of all heirs to the estate, as she is entitled to do under 58 O.S.2001 § 240. The probate division undertakes such preliminary determinations of the identities of heirs for purposes set forth in 58 O.S.2001 § 239, namely, so that the *personal representative* has the opportunity to notify all heirs and receive their written consent or waiver if and when she petitions the trial court for orders authorizing property sales or waiving the necessity for accountings. Unlike with a sale of land to satisfy debts of the estate, however, Crumley did not have to seek authorization from the trial court before the City could exercise its power to condemn the eighty acres of real property in decedent's estate. Indeed, one of the defining characteristics of the power of eminent domain is that it does not require the consent of the condemnee. In any event, even if Crumley had been required both to petition the trial court for an order permitting her, as personal representative, to submit to the taking and file the written consents of all heirs in support, Hanke bases his lawsuit on the City's failure to provide him notice, not Crumley's.

■ ¶ 8 Hanke cites *Seal v. Banes*, 1934 OK 299, 35 P.2d 704, for two propositions: (1) title to land vests immediately in the heirs of a person who dies intestate; and (2) notice to heirs is a jurisdictional prerequisite to the sale of a decedent's real estate holdings because such proceedings are adversarial in nature. We have no quarrel with the accuracy of the first proposition, but it does not change the outcome in this case. Even though the death of an intestate real property owner serves immediately to vest title to the land in his heirs, those heirs are not free to possess the land or exercise the privileges associated with ownership thereof until all heirs are identified, probate is closed, and final distribution occurs. Until such time, it is the exclusive province and responsibility of the personal representative to manage and preserve all estate holdings, including real property. Accordingly, although Hanke, along with his siblings, was vested with shared title to the eighty acres immediately upon his father's death, he was without authority to possess the land or otherwise exercise his rights and privileges thereto until the probate estate settled, which had not yet occurred at the time of the condemnation proceeding.

---

1. Under Oklahoma law, personal representative is synonymous with executor and administrator.

58 O.S.2001 § 11.

¶ 9 Hanke's second proposition, that notice to heirs is a jurisdictional prerequisite to proceedings regarding the sale of an intestate's real property holdings, is also without merit. *Seal* involved an administratrix's petition to sell land in order to pay debts and expenses of the estate. It did not involve a condemnation proceeding. Furthermore, in *Seal*, the Supreme Court expressly distinguishes between sales that divest heirs of their title in land in order to pay liabilities of the estate, and proceedings to liquidate real property assets for other purposes, such as supporting a minor heir or reinvesting funds in other property. *Id.*, ¶ 108, 35 P.2d at 719. In the former example, the estate diminishes in value; in the latter, the estate's value remains constant but the nature of its holdings change.

¶ 10 Moreover, in a sale to pay estate debts, the administrator acts not as the sole representative of the decedent's real property but as the moving party on behalf of estate creditors. *Id.* ¶ 32, 35 P.2d at 712, *citing with approval Schneider v. McFarland*, 2 N.Y. 459 (1849). "His object is by a special proceeding before a court of limited jurisdiction, to turn the real estate into personalty, with a view to the payment of debts. The heir has the right to contest his allegations, and show that no such necessity exists." *Id.* Accordingly, the Supreme Court held the order of sale in *Seal*, made without proper notice to decedent's minor heirs, was void as depriving the minor heirs of their due process rights to protect and preserve the value of their interests in the estate by contesting the necessity of the sale in court. Unlike in *Seal*, the City's condemnation of decedent's eighty acres did not function to divest the estate of assets for payment of debts and expenses. Rather, it rendered real property liquid. Although Crumley was forced through condemnation to transfer title in the land to the City, the just compensation she received as a result of the condemnation was preserved as part of the estate.

¶ 11 Hanke's argument that the condemnation proceeding is void due to fraud or irregularity is likewise without merit. Other than the fact that the attorney for the City of Stigler rents an office from Crumley's attorney, and thus shares the same business address, Hanke failed to offer any evidence tending to show that a conflict of interest existed under Rule 1.7 of the Rules of Professional Conduct, necessitating consent of Crumley and the City, the opposing parties in the underlying condemnation litigation.

¶ 12 We thus affirm the trial court's denial of Hanke's application to intervene, his motion to set aside and vacate the condemnation, and his oral motion to stay the writ of assistance pending appeal.

¶ 13 AFFIRMED.

HANSEN, J., and JOPLIN, J., concur.